# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# AT SPRINGFIELD, ILLINOIS

| | |
|---|---|
| **PUBLIC INTEREST LEGAL FOUNDATION, INC.** <br><br> *Plaintiff*, <br><br> v. <br><br> **STEVE SANDVOSS**, in his official capacity as Executive Director of the Illinois State Board of Elections, **KYLE THOMAS,** in his official capacity as Director of Voting Systems and Registration, **CHERYL HOBSON** in her official capacity as Deputy Director of Voting and Registration, and the **ILLINOIS STATE BOARD OF ELECTIONS**. <br><br> *Defendants*. | Case No. _____ <br><br> **EQUITABLE RELIEF IS SOUGHT** |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Public Interest Legal Foundation (the "Foundation"), by its attorneys, brings this action for violations of Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the action arises under the laws of the United States. This Court also has jurisdiction under 52 U.S.C. § 20510(b), because the action seeks injunctive and declaratory relief under the NVRA. This Court may also grant declaratory relief under 28 U.S.C. § 2201.

2. Venue in this Court is proper under 28 U.S.C. § 1391(b)(1), because the Defendants reside in this district, and under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim occurred in this district.

### PARTIES

1

3.      The Public Interest Legal Foundation, Inc., (the "Foundation") is a non-partisan, public interest organization incorporated and based in Indianapolis, Indiana. The Foundation seeks to promote the integrity of elections nationwide through research, education, remedial programs, and litigation. The Foundation regularly utilizes the NVRA's Public Disclosure Provision and state and federal open records laws that require government records be made available to the public. Using records and data compiled through these open records laws, the Foundation analyzes the programs and activities of state and local election officials in order to determine whether lawful efforts are being made to keep voter rolls current and accurate. The Foundation also uses records and data to produce and disseminate reports, articles, blog and social media posts, and newsletters in order to advance the public education aspect of its organizational mission.

4.      Defendant Steve Sandvoss is the Executive Director of the Illinois State Board of Elections, which has the duties and responsibilities of the Secretary of State and State Electoral Board to supervise the administration of the registration and election laws throughout the State of Illinois. 10 ILCS 5/1A-8(1); 10 ILCS 5/1A-8(12).

5.      Defendant Sandvoss, as the Executive Director, "shall exercise general supervision over the operation of the business of the Board and its equipment, facilities, employees and consultants, in accordance with the rules and regulations of the Board and as otherwise directed by the Board."  10 ILCS 5/1A-10.

6.      Defendant Cheryl Hobson is the Deputy Director of Voting and Registration within the Illinois State Board of Elections and is responsible for providing copies of the voter registration list to those not restricted from receiving it.

7. Defendant Kyle Thomas is the Director of Voting Systems and Registration and has responsibility for maintaining the statewide voter registration list on behalf of the State Board of Elections.

8. Defendant Illinois State Board of Elections has general supervision over the administration of the registration and election laws in the State of Illinois. 10 ILCS 5/1A.1.

9. Defendant Illinois State Board of Elections has all duties and responsibilities of the State Electoral Board and the Secretary of State as provided in the State Election Code, codified at 10 ILCS 5. 10 ILCS 5/1A.8(1).

## INTRODUCTION

### *Establishment of a Centralized Illinois Statewide Voter Registration List*

10. Section 10 ILCS 5/1A-25 of the Illinois Compiled Statutes requires that a "centralized statewide voter registration list" be created and maintained by the State Board of Elections.

11. Section 10 ILCS 5/1A-25(1) provides that "[t]he centralized statewide voter registration list shall be compiled from the voter registration data bases of each election authority in this State."

12. Section 10 ILCS 5/1A-25(4) requires that "[t]he registration information maintained by each election authority shall be synchronized with that authority's information on the statewide list at least every 24 hours."

### *Illinois's Restricted Access Law*

13. Section 10 ILCS 5/1A-25(4) restricts those allowed to receive a copy of the voter registration list to just two types of entities: political committees or government entities

("Restricted Access Law"). No other entity or individual is allowed to receive a copy of the voter registration list under the Restricted Access Law.

14. The Restricted Access Law contains just one exception, which is that a person may *view* the voter registration list at the office of the State Board of Elections:

> To protect the privacy and confidentiality of voter registration information, the disclosure of any portion of the centralized statewide voter registration list to any person or entity other than to a State or local political committee and other than to a governmental entity for a governmental purpose is specifically prohibited except as follows: (1) subject to security measures adopted by the State Board of Elections which, at a minimum, shall include the keeping of a catalog or database, available for public view, including the name, address, and telephone number of the person viewing the list as well as the time of that viewing, **any person may view the list on a computer screen at the Springfield office of the State Board of Elections**, during normal business hours other than during the 27 days before an election, but the person viewing the list under this exception may not print, duplicate, transmit, or alter the list; or (2) as may be required by an agreement the State Board of Elections has entered into with a multi-state voter registration list maintenance system. (Source: P.A. 98-115, eff. 7-29-13; 98-1171, eff. 6-1-15.)

### *The NVRA's Public Disclosure Provision*

15. The NVRA provides, in relevant part, "Each State shall maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters[.]" 52 U.S.C. § 20507(i)(1) (hereafter, the "Public Disclosure Provision").

16. The Public Disclosure Provision is designed to "ensure that election officials are fulfilling their list maintenance duties" and is "available to any member of the public." *Bellitto v. Snipes*, No. 16-cv-61474, 2018 U.S. Dist. LEXIS 103617, at *12 (S.D. Fla. Mar. 30, 2018). The Public Disclosure Provision "convey[s] Congress's intention that the public should be monitoring the state of the voter rolls and the adequacy of election officials' list maintenance

programs. Accordingly, election officials must provide full public access to all records related to their list maintenance activities, including their voter rolls." *Id.* at *12-13.

17. The Public Disclosure Provision "embodies Congress's conviction that Americans who are eligible under law to vote have every right to exercise their franchise, a right that must not be sacrificed to administrative chicanery, oversights, or inefficiencies." *Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 334-35 (4th Cir. 2012).

## FACTUAL BACKGROUND

### *Denial of Access*

18. On October 16, 2019, the Foundation emailed a letter to Steve Sandvoss, the Executive Director of the Illinois State Board of Elections. The letter requested an electronic copy of Illinois's statewide voter registration list pursuant to the NVRA's Public Disclosure Provision. **Exhibit A.**

19. The letter acknowledged that 10 ILCS 5/1A-25(4) appears to prohibit any person or entity other than a political committee from receiving the requested voter registration list. **Exhibit A.**

20. The letter further explained that the NVRA, as a federal enactment, supersedes and preempts Illinois law and therefore a denial of the Foundation's request would violate the NVRA. **Exhibit A**.

21. On October 29, 2019, General Counsel for the Board, Ken Menzel, responded in a letter to the Foundation. **Exhibit B**. The letter stated:

> We have received your letter dated October 16, 2019, alleging a violation of 52 USC § 20507(i) by the State of Illinois based upon an allegation that "Illinois' disclosure and duplication limitations violate the text and intent of Section 8 of the National Voter Registration Act of 1993 (NVRA)."

5

> Your organization is authorized to participate in the "public inspection" (52 U.S.C. § 20507(i)(1)) of Illinois voter registration information. As you correctly note in your letter, Illinois law provides that "any person may view the centralized statewide voter registration list on a computer screen at the Springfield office of the State Board of Elections, during normal business hours other than during the 27 days before an election." 10ILCS 5/4-8; see also 10 ILCS 5-7, 6-35."
>
> Any relevant information regarding Illinois list maintenance efforts in the possession of the SBE would be made available during our normal business hours (8:00AM to 4:30PM CST) at our main office in Springfield, Illinois. Reasonable advanced notice of when your staff would like to visit would be appreciated and allow for a more efficient visit." We look forward to hearing from you. If you have any questions or comments, please do not hesitate to contact me at kmenzel@elections.il.gov or [redacted].

*Id*.

22. On November 14, 2019, the Foundation sent a letter to Mr. Menzel via email, acknowledging his response and advising him that the "NVRA requires not only inspection of voter list maintenance records, but also reproduction" of them. It further advised that "Illinois law appears to conflict with this requirement because it provides that we 'may not print, duplicate, transmit, or alter the list.' 10 ILCS 5/1A-25(4)." **Exhibit C**.

23. The letter asked for clarification as to whether the State Board would permit the Foundation to copy or reproduce the statewide voter registration list should the Foundation send someone to Illinois for the inspection.

24. Counsel for the Foundation sent follow up emails on November 21, December 11 and on a third date, each asking to schedule an inspection of the voter registration list in Springfield. **Exhibit D, p. 2**.

25. On January 23, 2020, counsel for the Foundation received an email from Bernadette Matthews, who advised that she had replaced Mr. Menzel as counsel for the Board, and that she was responding to the Foundation's earlier requests to visit the office for an inspection. Ms. Matthews stated that she would send the request to Kyle Thomas, Director of

Voting Systems and Registration so that he could "touch base" with counsel "about a visit to the office." **Exhibit D, p. 1**.

26. On January 31, 2020, counsel for the Foundation traveled from Indianapolis, Indiana to the SBE office in Springfield to inspect the voter registration list on the computer at the SBE office. **Exhibit E**, Declaration of Sue Becker.

27. Upon arrival, counsel was given access to a computer monitor but was told that she could not print a record, photocopy or reproduce the screen, photograph the screen, print the screen or use a flash drive to obtain a copy of any sort of any information viewed. She was also assigned an employee to remain near her as she sat at the public access desk**. Exhibit E.**

28. When counsel asked for assistance in locating the voter registration list, the monitoring employee responded that the list was not available on the computer. **Exhibit E.**

29. The employee further confirmed that information in the public access voter registration database could only be searched by inputting one specific name or specific birthdate at a time. **Exhibit E.**

30. Further communication with the monitoring employee confirmed that it was not possible to conduct a general search of the list using a variety of search criteria, such as which registrants had been subjected to various list maintenance procedures including the transmission of an address confirmation card. **Exhibit E.**

31. On February 21, 2020, the Foundation sent a Notice Letter to Defendants that the Board's refusal to produce or allow the photocopying of any of the requested documents was a violation of the NVRA, and that the violation needed to be corrected within 20 days of receipt of the notice or else a lawsuit could be filed. **Exhibit F.**

32. The Foundation received no response to its Notice Letter.

## COUNT I

### VIOLATION OF SECTION 8(i)(1) OF THE NATIONAL VOTER REGISTRATION ACT
### Refusal to Produce Voter Registration List Maintenance Records

33. The Foundation realleges the preceding paragraphs as if fully stated herein.

34. The requested record(s) are in the possession, custody, and control of the Defendants.

35. The voter registration list, as described in 10 ILCS 5/1A-25(4), is a record that falls under the Public Disclosure Provision of the NVRA, 52 U.S.C. § 20507(i) and must be produced. *See Judicial Watch, Inc. v. Lamone*, 399 F. Supp. 3d 425, 438-442, 446 (D. Md. 2019); *True the Vote v. Hosemann*, 43 F. Supp. 3d 693, 723 (S.D. Miss. 2014) ("The Court likewise concludes that the Voter Roll is a 'record' and is the 'official list[] of eligible voters' under the NVRA Public Disclosure Provision."); *Bellitto v. Snipes*, No. 16-cv-61474, 2018 U.S. Dist. LEXIS 103617, at *13 (S.D. Fla. Mar. 30, 2018) ("[E]lection officials must provide full public access to all records related to their list maintenance activities, including their voter rolls.").

36. The Public Disclosure Provision authorizes and entitles *the public*, which includes the Foundation, to inspect and copy, or otherwise purchase and receive, a variety of list maintenance data in the custody of the Defendants, including the voter registration list described in 10 ILCS 5/1A-25(4) as well as list maintenance data attached to individual registration files such as when and if the registrant was subjected to various list maintenance procedures.

37. The Defendants are in violation of the NVRA because they did not allow the Foundation to inspect, copy, purchase or receive the requested list maintenance records. Indeed, Illinois has deliberately made this impossible.

38. By denying the Foundation the ability to obtain records it otherwise could obtain under the Public Disclosure Provision of the NVRA, the Restricted Access Law, 10 ILCS 5/1A-25(4), conflicts with federal law.

39. Any Illinois statute, regulation, practice or policy that conflicts with, overrides, or burdens the NVRA, a federal statute, is preempted and superseded under Art. VI, cl. 2, the Supremacy Clause and Art. I, § 4, cl.1, the Elections Clause, of the Constitution of the United States.

40. Illinois's Restricted Access Law found in 10 ILCS 5/1A-25(4) is therefore preempted, invalid, and unenforceable.

41. The Foundation provided Defendants written notice of the NVRA violation alleged herein, thereby satisfying the NVRA's pre-litigation notice requirement, 52 U.S.C. § 20510(b)(1). **Exhibit F**.

42. Defendant has not cured his violation of the NVRA within the 20 days permitted by the NVRA. *See* 52 U.S.C. § 20510(b)(2).

43. Defendant's violation of the NVRA is causing the Foundation to suffer a concrete informational injury because the Foundation does not have records and information to which it is entitled under federal law. *FEC v. Akins*, 524 U.S. 11, 21 (1998) ("[A] plaintiff suffers an 'injury in fact' when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute").

44. By denying the Foundation the ability to obtain the requested voter registration list, Illinois is impairing the Foundation's ability to assess the accuracy of Illinois's voter roll and to determine whether people from other states are voting in Illinois elections and vice versa.

45. Defendants' violation of the NVRA is thus frustrating, impeding and harming the efforts of the Foundation to carry out its organizational mission.

46. The Foundation will continue to be injured by the Defendants' violations of the NVRA unless and until the Defendants are enjoined from continuing to violate the law.

47. The Foundation is a person aggrieved by a violation of the NVRA, as set forth in 52 U.S.C. § 20510(b)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment:

1. Declaring that Defendants are in violation of Section 8(i) of the NVRA by refusing to allow the Foundation to inspect and copy the requested list maintenance data and voter registration list;

2. Declaring that Section 8(i) of the NVRA preempts and supersedes any requirement or restriction in10 ILCS 5/1A-25(4), and any other Illinois statute, regulation, practice or policy that prevents the Foundation from inspecting and copying the requested list maintenance data and voter registration list or that places restrictions on the use of Illinois's list maintenance data and voter registration lists;

3. Ordering Defendants to produce to the Foundation the statewide list maintenance data and voter registration list described in 10 ILCS 5/1A-25(4) or otherwise ordering Defendants to allow the Foundation to inspect and copy the list;

4. Permanently enjoining Defendants from denying requests to inspect similar list maintenance data attached to voter registration lists in the future;

5. Ordering the Defendants to pay the Foundation's reasonable attorney's fees, including litigation expenses and costs, pursuant to 52 U.S.C. § 20510(c); and,

6. Granting the Foundation further relief that this Court deems just and proper.

Dated: July 27, 2020

> For the Plaintiff, Public Interest Legal Foundation:
>
> /s/ *A. Christine Svenson*
> A. Christine Svenson, Ill. Bar No. 6230370
> Svenson Law Offices
> 505 N. LaSalle, Ste. 350
> Chicago, IL 60654
> Tel: 312.437.8629
> christine@svensonlawoffices.com
> *Lead Counsel for Plaintiff*
>
> Sue Becker* (Missouri Bar No. 64721)
> Public Interest Legal Foundation, Inc.
> 32 E. Washington St., Ste. 1675
> Indianapolis, IN 46204
> Tel: (317) 203-5599
> Fax: (888) 815-564
> sbecker@PublicInterestLegal.org
> *\* Admission application forthcoming*