IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, ILLINOIS

| | | |
|---|---|---|
| PUBLIC INTEREST LEGAL, FOUNDATION, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 3:20-cv-03190-SEM-TSH |
| STEVE SANDVOSS, in his official Capacity as Executive Director of the Illinois State Board of Elections, KYLE THOMAS, in his official capacity as Director of Voting Systems and Registration, CHERYL HOBSON in her official capacity as Deputy Director of Voting and Registration, and the ILLINOIS STATE BOARD OF ELECTIONS, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS ILLINOIS STATE BOARD OF ELECTIONS,
KYLE THOMAS, AND CHERYL HOBSON'S MEMORANDUM
IN SUPPORT OF THEIR MOTION TO DISMISS**

NOW COME Defendants Illinois State Board of Elections (SBE), Kyle Thomas, and Cheryl Hobson, by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois, and submit their memorandum of law in support of their motion to dismiss, stating as follows:

**FACTS**

Plaintiff Public Interest Legal Foundation, Inc. (PILF) filed its one-count complaint on July 27, 2020. Doc 1. Plaintiff named SBE and Steve Sandvoss, in his official capacity as Executive Director of SBE, as defendants. Plaintiff also named Kyle Thomas, in his official capacity as Director of Voting and Registration Systems, and Cheryl Hobson, in her official capacity as Deputy Director of Voting and Registration Systems.

Plaintiff alleges that on October 16, 2019, it emailed a letter to Defendant Sandvoss seeking

1

an electronic copy of Illinois's statewide voter registration list pursuant to Section 8(i)(1) of the National Voter Registration Act (NVRA). *Id.* at ¶ 18. Plaintiff alleges that on January 31, 2020, Attorney Sue Becker traveled to SBE's Springfield office "to inspect the voter registration list on [SBE's] computer . . . ." *Id.* at ¶ 26. Upon arrival, Plaintiff alleges that Ms. Becker was given access to the public access voter registration database, but was told she could not "print a record, photocopy or reproduce the screen, photograph the screen, print the screen or use a flash drive to obtain a copy of any sort of any information viewed." *Id.* at ¶ 27. Plaintiff also alleges Ms. Becker was unable to view a full voter registration list, but rather, was allowed to view a searchable database of voter registration information. *See id.* at ¶ 27-30.

Plaintiff alleges that Defendants allegedly violated Section 8(i)(1) of the NVRA because Defendants refused to allow Plaintiff to "inspect, copy, purchase, or receive the requested list maintenance records." Doc. 1 at ¶ 37.

Defendants allegedly denied Plaintiff the opportunity to photocopy certain materials pursuant to Section 1A-25 of the Illinois Election Code, which states, in pertinent part,

> To protect the privacy and confidentiality of voter registration information, the disclosure of any portion of the centralized statewide voter registration list to any person or entity other than to a State or local political committee and other than to a governmental entity for a governmental purpose is specifically prohibited except as follows: (1) subject to security measures adopted by the State Board of Elections . . . any person may view the list on a computer screen at the Springfield office of the State Board of Elections . . . but the person viewing the list under this exception may not print, duplicate, transmit, or alter the list . . .

10 ILCS 5/1A-25 (West 2020).

Plaintiff alleges that Section 1A-25 is preempted by Section 8(i)(1) of the NVRA, which states,

> Each State shall maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the

2

accuracy and currency of official lists of eligible voters, except to the extent that such records relate to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered.

52 U.S.C. § 20507(i)(1) (West 2020).

Plaintiff seeks declarations that Defendants violated Section 8(i) of the NVRA, and that Section 8(i) of the NVRA preempts Section 1A-25 of the Illinois Election Code. Doc. 1 at Prayer for Relief, ¶ 1. Plaintiff also requests that the court order Defendants to produce the statewide list maintenance and voter registration list. *Id.* at Prayer for Relief, ¶ 2. Plaintiff further requests that this Court enjoin Defendants from denying further requests to inspect similar list maintenance data attached to voter registration lists. *Id.* at Prayer for Relief, ¶ 4. Finally, Plaintiff requests costs and fees pursuant to 52 U.S.C. § 20510(c). *Id.* at Prayer for Relief, ¶ 5.

Defendant SBE seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendants Thomas and Hobson seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant Sandvoss, Executive Director of the Illinois State Board of Elections, does not join this motion.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal of a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the complaint's sufficiency. Fed. R. Civ. P. 12(b)(6); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 820-21 (7th Cir. 2009). In ruling on a motion to dismiss under 12(b)(6), the court accepts

as true all well-pleaded factual allegations and draws reasonable inferences in favor of the plaintiff. *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011). A complaint may not merely state an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.'" *Id*. A complaint must contain allegations that "state a claim to relief that is plausible on its face." *Iqbal* at 663, *citing Bell At*lantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, legal conclusions and "conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *Id*.

## ARGUMENT

Defendants SBE, Kyle Thomas, and Cheryl Hobson seek dismissal from this suit. Plaintiff's claims against Defendant SBE are barred by the Eleventh Amendment. Further, Defendants Kyle Thomas and Cheryl are not proper defendants in this lawsuit, as they do not have enforcement power pursuant to the NVRA.

**I.    The SBE should be dismissed as a defendant due to the State of Illinois' sovereign immunity under the Eleventh Amendment.**

SBE should be dismissed as, barring voluntary waiver or congressional override, it cannot be sued in federal court.

The Eleventh Amendment confirms "the fundamental principle of sovereign immunity limits the grant of judicial authority in Art. III." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98 (1984). The Eleventh Amendment "guarantees that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Bd. of Regents of Univ. of Wis. Sys. v. Phx. Int'l Software, Inc.*, 653 F.3d 448, 457 (7th Cir. 2011). A state may "claim immunity from suit in federal court and may be dismissed from a

litigation," (*Kroll v. Bd. of Trustees of Univ. of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991)) absent voluntary waiver or valid congressional override. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). For the purpose of sovereign immunity, "[s]tate agencies are treated the same as states." *Kroll*, 934 F.2d at 907; *see also Indiana Prot. & Advocacy Servs. v. Indiana Family & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010).

The State of Illinois has not affirmatively consented to suit in this matter, and Plaintiff has not so alleged. Further, Congress has not expressly overridden the State's immunity for the NVRA, and Plaintiff has made no allegation of the same.

The Supreme Court considers two factors "in order to determine whether Congress has abrogated the States' sovereign immunity: "first, whether Congress has unequivocally expressed its intent to abrogate the immunity; and second, whether Congress has acted pursuant to a valid exercise of power . . . ." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996) (internal quotations omitted). This Court's analysis can begin and end at the first inquiry: Congress included no "clear legislative statement," *id.*, in the text of the NVRA which expresses an intent to abrogate the Eleventh Amendment. Thus, the State's immunity remains intact.

SBE is an agency of the state of Illinois, and is thus immune from suit. ILL. CONST. art. III, § 5; 10 ILCS 5/1A-1; *see also Kuna v. Illinois Bd. of Elections*, 821 F. Supp. 2d 1060, 1065 (S.D. Ill. 2011); *Smith v. Boyle*, 959 F. Supp. 982, 986 (C.D. Ill. 1997), *aff'd as modified*, 144 F.3d 1060 (7th Cir. 1998). As the State has not consented to suit in this matter and Congress has not overridden the State's immunity (and Plaintiff has not so alleged), SBE should be dismissed from this lawsuit. *See e.g. Pub. Interest Legal Found. v. Boockvar*, 431 F. Supp. 3d 553, 564 (M.D. Pa. 2019) (dismissing Pennsylvania's Bureau of Commissions, Elections and Legislation from NVRA suit under Eleventh Amendment); *Condon v. Reno*, 913 F. Supp. 946, 959 (D.S.C. 1995) ("If the

private plaintiffs in [one of the consolidated cases], were suing the state directly, they would be barred by the Eleventh Amendment.").

The Eleventh Amendment's jurisdictional bar applies to suits against State agencies regardless of the nature of relief sought. *Missouri v. Fiske*, 290 U.S. 18, 27 (1933) ("Expressly applying to suits in equity as well as at law, the Amendment necessarily embraces demands for the enforcement of equitable rights and the prosecution of equitable remedies when these are asserted and prosecuted by an individual against a State"). That Plaintiff seeks equitable relief does not prevent SBE from being dismissed from this suit. *Smith*, 959 F. Supp. at 986 ("Plaintiffs' argument that the Eleventh Amendment is inapplicable to the case at bar because they are seeking injunctive, rather than monetary, relief is not persuasive.").

## II.  Defendants Thomas and Hobson are not proper parties to this litigation.

Defendants Kyle Thomas and Cheryl Hobson should be dismissed from this suit as they are not proper parties. Plaintiff identifies Defendant Thomas as "the Director of Voting Systems and Registration" and states that he "has responsibility for maintaining the statewide voter registration list on behalf of the State Board of Elections." Doc. 1 at ¶ 7. Defendant Hobson is identified as "the Deputy Director of Voting and Registration within the Illinois State Board of Elections." Defendant Hobson, as Plaintiff alleges "is responsible for providing copies of the voter registration list to those not restricted from receiving it." *Id.* at ¶ 6.

Assuming Plaintiff's allegations are accurate, purely for the purpose of this motion, Defendants Thomas and Hobson should be dismissed. Plaintiff has not alleged that either defendant has the power to enforce the NVRA or that either defendant is responsible for the alleged harm suffered.

The Division of Voting and Registration Systems, for which both Defendants Thomas and Hobson work, "is responsible for the statewide Illinois Voter Registration System" including

"training and support of internal and external applications" related to that system.[1] The Division is "also responsible for all requests from registered political committees for computerized voter data," maintaining the "secure website where pre-election ballot request information is contained," and maintaining "the Public Voter Search stations in our Springfield office, which are accessible during normal business hours" subject to some exceptions.[2] The Division is tasked with recommending for approval "voting systems for use in Illinois", preparing and conducting of "pre-election tests of voting systems", preparing "referenda profiles for each election", and analyzing "vote tabulation system computer operator logs from each regular election."[3]

The Division is not responsible for enforcing the NVRA and/or ensuring State compliance with the disclosure provision of the NVRA; thus, the Division's employees are not the proper parties to a suit alleging lack of compliance with the Act. For this reason, Defendants Thomas and Hobson should be dismissed from this suit.

---

[1] Illinois State Board of Elections, Division of Voting and Registration Systems, https://www.elections.il.gov/AboutTheBoard/DivVotingAndRegistrationSystems.aspx?MID=25NH8xqBAV0%3d&T=637370054904902687 (last visited September 29, 2020). The Court can take judicial notice of publicly available information. *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

[2] *Id.*

[3] *Id.*

WHEREFORE, for the foregoing reasons, Defendants SBE, Thomas, and Hobson move this Court to dismiss them as defendants from the instant action.

Respectfully submitted,

ILLINOIS STATE BOARD OF ELECTIONS,
KYLE THOMAS, and CHERYL HOBSON,

Defendants,

KWAME RAOUL, Attorney General,
State of Illinois,

Attorney for Defendants,

Kristina Dion (6312732)
Thomas Ewick (#6279084)
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 782-5819 Phone
E-Mail: kdion@atg.state.il.us
       gls@atg.state.il.us

By:  s/Kristina Dion
KRISTINA DION
Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, ILLINOIS**

| | | |
|---|---|---|
| PUBLIC INTEREST LEGAL, | ) | |
| FOUNDATION, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:20-cv-03190-SEM-TSH |
| | ) | |
| STEVE SANDVOSS, in his official Capacity as | ) | |
| Executive Director of the Illinois State Board of | ) | |
| Elections, KYLE THOMAS, in his official capacity | ) | |
| as Director of Voting Systems and Registration, | ) | |
| CHERYL HOBSON in her official capacity as | ) | |
| Deputy Director of Voting and Registration, and the | ) | |
| ILLINOIS STATE BOARD OF ELECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2020, the foregoing document, ***Memorandum of Law in Support of Defendants SBE, Thomas, and Hobson's Motion to Dismiss,*** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    A. Christine Svenson        christine@svensonlawoffices.com
    Susan Lyn Becker          sbecker@PublicInterestLegal.org

and I hereby certify that on the same date, I caused a copy of the foregoing document to be mailed by United States Postal Service, to the following non-registered participant:

    NONE

                Respectfully submitted,

        By:    s/Kristina Dion
                Kristina Dion #6312732
                Assistant Attorney General
                500 South Second Street
                Springfield, Illinois 62701
                (217) 782-5819 Phone
                (217) 524-5091 Fax