E-FILED
Monday, 19 October, 2020  09:23:09 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT SPRINGFIELD, ILLINOIS**

| | |
|---|---|
| **PUBLIC INTEREST LEGAL FOUNDATION, INC.** | |
| *Plaintiff*, | |
| *v.* | |
| **STEVE SANDVOSS**, in his official capacity as Executive Director of the Illinois State Board of Elections, **KYLE THOMAS,** in his official capacity as Director of Voting Systems and Registration, and **CHERYL HOBSON** in her official capacity as Deputy Director of Voting and Registration, and the **ILLINOIS STATE BOARD OF ELECTIONS**, | Case No. 3:20-cv-03190-SEM-TSH |
| *Defendants*. | |

## OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants the State Board of Elections, Kyle Thomas, and Cheryl Hobson have filed a joint Motion to Dismiss the Foundation's claims against them. For reasons fully explained and supported below, Defendants' motion should be denied.

### NATURE OF THE CASE

Over a year ago, the Foundation requested a copy of the statewide voter registration list so that it could begin analyzing the state's voter roll for its accuracy and currency before the 2020 general election. The Foundation employed a consulting data analytics firm to help identify deceased registrants, as well as those incorrectly registered using commercial addresses or inadvertently registered more than once.

The Foundation requested access to information that Congress intended to be publicly available. As a matter of federal law, the Foundation's right to inspect the requested information

is clear. The National Voter Registration Act of 1993 ("NVRA") contains a broad and essential transparency mandate. Section 8 provides that:

> Each State shall maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters[.]

52 U.S.C. § 20507(i)(1) (emphasis added).

Despite unambiguous statutory directives, the Defendants have refused to provide Plaintiff access to the registration list for well over a year. Rather than explain themselves, Defendants appear to be denying their statutory obligations by seeking dismissal of the Board and its employees, leaving only the Director of the Board, who has already denied that he has a duty to produce the voter registration list under the NVRA. See Doc. 8, Answer, p. 20, denying allegations in ¶ 35. If allowed, such hide-the-ball tactics will only prolong Plaintiff's rightful receipt of public information and diminish its ability to make good use of it before the general election.

## ARGUMENT AS TO THE STATE BOARD OF ELECTIONS

The State Board of Elections ("Board") has moved to dismiss itself claiming that it is immune from suit under the Eleventh Amendment. The Board, however, is a proper party because the NVRA provides for a private right of action against state entities tasked with following the Act. The Board is also a proper party under the *Ex Parte Young* exception to state immunity. *Ex Parte Young*, 209 U.S. 123 (1908).

### I. Congress has "Overridden" the Board's Immunity by Expressly Including a Private Right of Action Against State Entities That Violate the NVRA.

The immunity afforded by the Eleventh Amendment extends to state agencies. *Turner v. Illinois*, No. 17-cv-3308, 2018 U.S. Dist. LEXIS 126649, at *7 (C.D. Ill. July 26, 2018) (citation omitted). It is not, however, absolute. *MCI Telcoms. Corp. v. Ill. Bell Tel. Co.*, 222 F.3d 323, 337

2

(7th Cir. 2000). There are three principal types of exceptions to the Eleventh Amendment's bar. *Id.* First, a state may waive immunity by consenting to suit in federal court. The Board has not done so in this instance. The second exception is when Congress abrogates the state's immunity through a valid exercise of its powers under recognized constitutional authority, such as by later constitutional amendments. *Id.* And third, under *Ex parte Young*, 209 U.S. 123, 159-60 (1908), a plaintiff may file "suit against state officials seeking prospective equitable relief for ongoing violations of federal law . . ." *Marie O. v. Edgar*, 131 F.3d 610, 615 (7th Cir. 1997).

In its motion, the Board *admits* that its claim to state immunity would be barred if Congress had "expressly overridden the State's immunity for the NVRA." See Doc. 8, p. 5. Plaintiff agrees, which is why it cited the NVRA's private right of action, 52 U.S.C. § 20510(b) in its jurisdictional statement and produces it below:

(b)Private right of action

(1) A person who is aggrieved by a violation of this chapter may provide written notice of the violation to the chief <u>election</u> official of the <u>State</u> involved.
(2)  If the violation is not corrected within 90 days after receipt of a notice under paragraph (1), or within 20 days after receipt of the notice if the violation occurred within 120 days before the date of an <u>election</u> for <u>Federal office</u>, the aggrieved person may bring a civil action in an appropriate district court for declaratory or injunctive relief with respect to the violation.
(3) If the violation occurred within 30 days before the date of an <u>election</u> for <u>Federal office</u>, the aggrieved person need not provide notice to the chief <u>election</u> official of the <u>State</u> under paragraph (1) before bringing a civil action under paragraph (2).

52 U.S.C. § 20510.

Since it is only state entities that are responsible for following the NVRA, Congress clearly intended for state entities to be sued for violations of the NVRA. Under the Supremacy Clause, "[a]s long as it is acting within the powers granted it under the Constitution," as it did with the NVRA, "Congress may impose its will on the States." *Wyeth v. Levine*, 555 U.S. 555, 584 (2009).

Here, Congress clearly abrogated the state's immunity when it created a private right of action to sue the state's chief election official for violations of the NVRA. In this case, the state's chief election official is the Board.

**II.     The State Board of Elections is the State's Only Election Administration Entity and the Only Entity Responsible for Complying with the NVRA.**

Unlike most states, when the state legislature of Illinois enacted an Election Code, it did not identify a state official as its chief election official in charge of election administration. Instead, it placed the responsibility on an entity, the State Board of Elections. 10 ILCS 5/1A-8(1). Of the fifty states, forty have identified their Secretary of State as the Chief Election Official. See https://www.nass.org/membership (last accessed 10/19/20). Illinois is one of the ten that has not. See https://www.nass.org/node/54 (last accessed 10/19/20). As a result, Illinois has intentionally placed an entity in charge of election administration, rather than an individual. There is no other election official higher than the Board. Indeed, the Illinois Election Code contains 209 separate references to the Board alone, each describing another one of its functions or responsibilities, including several regarding its duties under the NVRA. *See e.g.*, 10 ILCS 5/1A-16 (Voter registration information); 10 ILCS 5/1A-16.2 (automatic voter registration); 10 ILCS 5/1A-16.6 (government agency voter registration) and 10 ILCS 5/1A-16.7 (designating the Board to work with the national Electronic Registration Information Center, stating that voter registration must comply with the NVRA, appointing the Board to track registration data, and to submit an annual report to the General Assembly "detailing the progress made to implement this Section."). The Election Code also makes clear that the *Board* is to implement the entire Election Code in accordance with the provisions of the NVRA:

> Sec. 1A-16. Voter registration information; Internet posting; processing of voter registration forms; content of such forms. Notwithstanding any law to the contrary, the following provisions shall apply to voter registration under this Code.

4

    (d-5) Compliance with federal law; rulemaking authority. The voter registration form described in this Section shall be consistent with the form prescribed by the Federal Election Commission under the National Voter Registration Act of 1993, P.L. 103-31, as amended from time to time, and the Help America Vote Act of 2002, P.L. 107-252, in all relevant respects. The State Board of Elections shall periodically update the form based on changes to federal or State law. <u>The State Board of Elections shall promulgate any rules necessary for the implementation of this Section; provided that the rules comport with the letter and spirit of the National Voter Registration Act of 1993</u> and Help America Vote Act of 2002 and maximize the opportunity for a person to register to vote.

10 ILCS 5/1A-16 (emphasis added).

    The Board's responsibility was confirmed in Defendant Sandvoss's Answer to Plaintiff's Complaint, in which he admitted that the *Board* has the "duties and responsibilities" "to supervise the administration of the registration and election laws throughout the State of Illinois." See Doc. 8, p. 12, Answer to ¶ 4. He further admitted that his role as Executive Director was to "exercise general supervision over the operation of the business of the Board and its equipment, facilities, employees and consultants, in accordance with the rules and regulations of the Board and as otherwise directed by the Board." See Doc. 8, p. 13, Answer to ¶ 5.

    The current motion to dismiss, when viewed in the context of Defendant Sandvoss's Answer, is setting up a scenario in which NO ONE accepts responsibility for the State's compliance with the NVRA. Defendant Sandvoss states that it is the Board's job. The Board argues that it is immune from suit because it is an entity. And the remaining two Directors, who are employees of the Board, argue that their "Division is not responsible for enforcing the NVRA and/or ensuring State compliance with the disclosure provision of the NVRA." See Doc. 10, p. 7.

    Someone must be responsible for enforcing federal election law in Illinois. The NVRA provides that it is the state's chief election official. 52 U.S.C. § 20509. Because Congress has expressly provided a private right of action against a state's chief election official to enforce the NVRA, Congress has provided a right of action against the Board. 52 U.S.C. § 20510.

**III.     The Board's Claim to Immunity is Also Negated Because the *Ex parte Young* Exception to the Eleventh Amendment Bar Applies.**

Even if Congress had not abrogated state immunity with the NVRA's express private right of action to enforce the Act, the Board is still not immune under the *Ex parte Young* doctrine. 209 U.S. 123, 159-160 (1908). The *Ex parte Young* doctrine holds that state immunity does not shield a state from a suit designed to stop an ongoing violation of federal law. 209 U.S. 123, 159-160 (1908).

This Court recently agreed. "[S]tate officials generally enjoy Eleventh Amendment sovereign immunity except as to claims for injunctive relief that designed to end a continuing violation of federal law." *Jones v. Conklin*, 2020 U.S. Dist. LEXIS 189760, *4 (C.D. Ill. October 14, 2020) (citing *Watkins v. Blinzinger*, 789 F.2d 474, 483-84 (7th Cir. 1986)). "A court applying the *Ex parte Young* doctrine now 'need only conduct a straightforward inquiry' into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 371, 2010 U.S. App. LEXIS 8380, *15 (7th Cir. Ind. April 22, 2010).

Here, the Foundation's allegation is that the Defendants are violating the NVRA's public disclosure provision and are in continuous violation of federal law. It is continuous because the public records have not yet been produced yet remain requested pursuant to the public disclosure provision of the NVRA. The Foundation's request for declaratory and injunctive relief further supports the doctrine's application. "Under *Young,* state officials may be sued in their official capacities for injunctive relief, although they may not be sued for money damages." *MSA Realty Corp. v. Illinois*, 990 F.2d 288, 291 (7th Cir. 1993). Here, the Foundation seeks injunctive relief in the form of the records it is due.

Because the Foundation has stated an ongoing violation of a federal law, and the facts are to be taken as true, the *Ex parte Young* doctrine bars the Board's immunity from suit.  As a result, the Board has no immunity and is a proper party.

## ARGUMENT AS TO THE BOARD'S EMPLOYEES

Defendants Thomas, Director of Voting Systems and Registration, and Hobson, Deputy Director of Voting and Registration, have asked the Court to dismiss them under Fed. R. Civ. P. 12(b)(6), arguing that the Foundation failed to state a claim against them upon which relief can be granted. Specifically, both employees argue that they should be dismissed because neither has "enforcement power pursuant to the NVRA."  See Doc. 10, p. 4.

Because the requested records are clearly subject to the NVRA's disclosure provision, the Complaint states a claim upon which relief can be granted. Whether or not the employees who interacted with the Foundation in responding to its request had the "authority to enforce the NVRA" is irrelevant. They had the authority to produce the registration list for inspection, and they failed to do so.  Their motion should be denied.

IV.     **The Foundation Has Stated a Claim for Relief Because the Requested Records Are Subject to Inspection Under the Plain Terms of the NVRA.**

In an action to enforce the NVRA's Public Disclosure Provision, a complaint states a claim upon which relief may be granted if the requested records are subject to disclosure under the plain and ordinary meaning of the terms of the NVRA. *Project Vote/Voting for Am., Inc. v. Long*, 752 F. Supp. 2d 697, 705 (E.D. Va. 2010) (quoting 52 U.S.C. § 20507(i)(1)) The Fourth Circuit awarded *summary judgment* under the same standard. *Project Vote*, 682 F.3d at 335-337. The Fifth Circuit ruled similarly, denying a motion to dismiss the Foundation's claims, concluding that "PILF has alleged a plausible claim under the public disclosure provisions of § 20507(i)." *Public Interest Legal Found. v. Bennett*, No. H-18-0981, 2019 U.S. Dist. LEXIS 39723, at *10 (S.D. Tex.

Feb. 6, 2019).  Here, the Foundation properly alleged sufficient facts to state a claim under the NVRA's public disclosure provision, and Defendants have not alleged otherwise.

IV.     **Defendants Are Responsible for Providing the Public Access to the Voter Registration List.**

Defendants Thomas and Hobson are employees of the Board who have each been delegated supervisory responsibility over the state's various voter registration activities. In their motion, they even admit that their Division is "responsible for all requests from registered political committees for computerized voter data." See Doc. 10, p. 7. That is precisely why they have been sued: they refused to provide the Foundation access to computerized voter data. In addition to the NVRA public disclosure provision, state law requires that such data be made available (10 ILCS 5/1A-25(4). As supervisors, they have authority to direct their employees to complete the tasks the Division is assigned. Providing access to the registration list falls within their assignments under state law, as well as federal law. Defendant Thomas was even personally involved in arranging the inspection trip that was a complete waste of time. See Doc. 1, Complaint, Exhibit D.

The Foundation's injury stems from the Defendants'  failure to follow applicable laws governing public access to the voter registration list. Defendants'  argument that neither is responsible for enforcing the NVRA misses the point: their failure to  produce the list under 52 U.S.C. § 20507, or provide access to it under 10 ILCS 5/1A-25(4) is the violation and was alleged as such by the Foundation.  Further, their Division has responsibility for ensuring that such productions are made in accordance with state and federal law. They are responsible for the actions of their Divisions, as well as for their own failures to handle the Foundation's requests properly and in accordance with federal law.

**CONCLUSION**

For all of the foregoing reasons, the Foundation respectfully requests that the Court deny

Defendants' joint motion to dismiss.

Dated: October 19, 2020

For the Plaintiff, Public Interest Legal Foundation:

A. Christine Svenson, Ill. Bar No. 6230370
Svenson Law Offices
505 N. LaSalle, Ste. 350
Chicago, IL 60654
Tel: 312.437.8629
christine@svensonlawoffices.com
Lead Counsel for Plaintiff

*/s/ Sue Becker*
Sue Becker (Missouri Bar No. 64721)
Public Interest Legal Foundation, Inc.
32 E. Washington St., Ste. 1675
Indianapolis, IN 46204
Tel: (317) 203-5599
Fax: (888) 815-564
sbecker@PublicInterestLegal.org

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT SPRINGFIELD, ILLINOIS**

| | |
|---|---|
| **PUBLIC INTEREST LEGAL FOUNDATION, INC.** <br><br> *Plaintiff,* <br><br> *v.* <br><br> **STEVE SANDVOSS**, in his official capacity as Executive Director of the Illinois State Board of Elections, **KYLE THOMAS,** in his official capacity as Director of Voting Systems and Registration, and **CHERYL HOBSON** in her official capacity as Deputy Director of Voting and Registration, and the **ILLINOIS STATE BOARD OF ELECTIONS**, <br><br> *Defendants.* | Case No. 3:20-cv-03190-SEM-TSH |

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2020, the foregoing document, Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record.

Respectfully submitted,

*/s/ Sue Becker*
Sue Becker (Missouri Bar No. 64721)
Public Interest Legal Foundation, Inc.
32 E. Washington St., Ste. 1675
Indianapolis, IN 46204
Tel: (317) 203-5599
Fax: (888) 815-564
sbecker@PublicInterestLegal.org

10