IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, ILLINOIS

| | |
|---|---|
| PUBLIC INTEREST LEGAL FOUNDATION, INC., | ) |
| Plaintiff, | ) |
| -vs- | ) 20-cv-3190-SEM-TSH |
| STEVE SANDVOSS, in his official Capacity as Executive Director of the Illinois State Board of Elections, KYLE THOMAS, in his official capacity as Director of Voting Systems and Registration, CHERYL HOBSON in her Official capacity as Deputy Director of Voting and Registration, and the ILLINOIS STATE BOARD OF ELECTION, | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, BERNADETTE MATTHEWS,[1] KYLE THOMAS, CHERYL HOBSON, and ILLINOIS STATE BOARD OF ELECTION ("SBE"), by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois, and hereby submit their response to Plaintiff's motion for summary judgment. In support thereof, Defendants state as follows:

**INTRODUCTION**

Plaintiff has filed a one-count complaint for declaratory and injunctive relief, alleging Defendants denied it a copy of the Illinois statewide voter registration list, which it claims it is entitled to pursuant to Section 8(i) of the National Voter Registration Act ("NVRA"). 52 U.S.C. § 20507(i)(1). Plaintiff's complaint requests that the Court declare Defendants are in violation of

---

[1] Bernadette Matthews is the Acting Executive Director of the Illinois State Board of Elections, and therefore is automatically substituted for former Executive Director Steve Sandvoss. Fed. R. Civ. Pro. 25(d).

Section 8(i) of the NVRA and further declare Section 8(i) preempts any restriction contained in 10 ILCS 5/1A-25 that prevents it from inspecting and copying list maintenance data and the statewide voter restriction list. Plaintiff requests that the Court order the Defendants to produce the statewide list maintenance data and voter registration list and permanently enjoin Defendants from denying requests to inspect similar list maintenance data attached to voter registration lists in the future.

Plaintiff has filed a motion for summary and memorandum of law, arguing the statewide voter registration list is subject to disclosure under the plain and unambiguous terms of the NVRA and Section 1A-25 of the Illinois Election Code is preempted by the NVRA. Defendants have also filed a motion for summary judgment.

This Court should deny Plaintiff's motion for summary judgment because the NVRA does not mandate disclosure of a statewide voter registration list. Instead, it only requires disclosure of records concerning the implementation of programs and activities conducted or the purpose of ensuring the accuracy and currency of voter registration lists. Further, since the voter registration list is not a "record" required to be disclosed pursuant to Section 8(i), Section 1A-25 of the Illinois Election Code, which limits disclosure of the State's voter registration list, is not preempted by the NVRA.

## RESPONSE TO PLAINTIFF'S UNDISPUTED MATERIAL FACTS

*I. Undisputed Material Facts*

For the purposes of this response, Defendants do not dispute Plaintiff's undisputed material facts 1–5, 7-22.

*II. Disputed Material Facts*

None.

*III. Disputed Immaterial Facts*

None.

*IV. Undisputed Immaterial Facts*

For the purposes of this response only, Defendants do not dispute the following fact but contend it is immaterial to plaintiff's claim on which it moved for summary judgment: Fact no. 6. Fact 6 is immaterial because it consists of a description of Plaintiff's organization, including that it is non-partisan, seeks to promote the integrity of elections, uses election data to analyze activities of election officials to determine whether voter rolls are current and accurate, and produces articles, blogs and social media posts. Defendants submit these facts are not material facts relevant to the issues of whether the NVRA mandates disclosure of the statewide voter registration lists and preempts Illinois law.

*V. Additional Material Facts*

1.      Defendants incorporate by reference their Statement of Undisputed Facts from their Memorandum of Law in Support of Summary Judgment as additional material facts.

## ARGUMENT

**I.     Defendants did not violate the disclosure provisions of the NVRA by failing to provide Plaintiff with a copy of the Illinois statewide voter registration list because the disclosure provisions of NVRA do not require disclosure of the statewide voter registration list.**

In its motion for summary judgment Plaintiff argues Defendants' denial of access to the Illinois' statewide voter registration list[2] violates the disclosure provisions of the NVRA, 52 U.S.C. § 20507(i)(1) . (Doc. 22, p. 17). Its argument lacks merit.

---

[2] Plaintiff refers to the Illinois statewide voter registration list as a "Voter File." It is unclear whether Plaintiff is using "Voter File" to also refer to list maintenance data.

Section 8(i) of the NVRA, does not provide, state, or imply in any way that the public shall be provided unfettered access to all of the information contained in voter registration lists and that hard or electric copies of a statewide voter registration list must be provided when requested by the public. *See* 52 U.S.C. § 20507(i). Instead, the NVRA addresses the "public disclosure of voter registration activities" and states that:

> (1) Each State shall maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records *concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters*, except to the extent that such records relate to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered.

52 U.S.C. § 20507(i)(1) (2020) (emphasis added).

The statute goes on to specify that "[t]he records maintained pursuant to paragraph (1) shall include lists of the names and addresses of all persons to whom notices described in subsection (d)(2) are sent, and information concerning whether or not each such person has responded to the notice as of the date that inspection of the records is made." 52 U.S.C. § 20507(i)(2). Section 20507(d)(2) details what is to be contained in the notices that are sent to registered voters in instances where that voter may be removed from the list of eligible voters and explains what that voter needs to do in order to maintain eligibility. 52 U.S.C. § 20507(d)(2)

Several courts have recognized the NVRA does not provide the public with unfettered access to voter registration data because the disclosure of certain information, such as social security numbers, implicates legitimate privacy concerns. For example, in *Pub. Int. Legal Found., Inc. v. N.C. State Bd. of Elections*, 996 F. 3d 257, 2021 WL 1877195, at *5 (4th Cir. 2021), the Fourth Circuit noted: "[T]he term 'all records' in the disclosure provision does not encompass any relevant record from any source whatsoever, but must be read in conjunction with the various

statutes enacted by Congress to protect the privacy of individuals and confidential information held by certain governmental agencies." The Northern District of Georgia has noted "Section 8(i) requires the disclosure of individual voter registration records, but it does not require the disclosure of sensitive information that implicates special privacy concerns." *Project Vote, Inc. v. Kemp*, 208 F. Supp. 3d 1320, 1344-1345 (ND. GA Sept. 19, 2016) (ordering redaction of voter birth dates and parts of phone numbers, email addresses, and social security numbers).

Section 1A-25 of the Illinois Election Code of the Illinois Election Code provides that a centralized statewide voter registration list "shall be created and maintained by the State Board of Elections as provided in this section." 10 ILCS 5/1A-25. "The centralized statewide voter registration list shall be compiled from the voter registration data bases of each election authority in this State." 10 ILCS 5/1A-25(1). Contrary to Plaintiff's claim, Section 1A-25 does not conflict with the NVRA disclosure provision. Rather, Section 1A-25 works in tandem with the NVRA by explicitly declaring the State's interest in protecting the "privacy and confidentiality of voter registration information." 10 ILCS 5/1A-25. Section 1A-25 provides as follows:

> To protect the privacy and confidentiality of voter registration information, the disclosure of any portion of the centralized statewide voter registration list to any person or entity other than to a State or local political committee and other than to a governmental entity for a governmental purpose is specifically prohibited except as follows: (1) subject to security measures adopted by the State Board of Elections which, at a minimum, shall include the keeping of a catalog or database, available for public view, including the name, address, and telephone number of the person viewing the list as well as the time of that viewing, any person may view the list on a computer screen at the Springfield office of the State Board of Elections, during normal business hours other than during the 27 days before an election, but the person viewing the list under this exception may not print, duplicate, transmit, or alter the list; or (2) as may be required by an agreement the State Board of Elections has entered into with a multi-state voter registration list maintenance system.

10 ILCS 5/1A-25.

On January 31, 2020, when a representative of Plaintiff came to the SBE office in Springfield to inspect the voter registration list on a computer, she was given access to the public access voter registration database, a searchable databased of registered voters in Illinois. (UMF 23; Doc. 1, ¶¶ 26-27; Doc. 1-8, ¶¶ 4, 6); Doc. 8, ¶ 26). Pursuant to the 10 ILCS 5/1A-25(4), Plaintiff was disallowed from printing, duplicating, transmitting, or altering the voter registration list. (UMF 24; Doc. 1, ¶ 27).

Contrary to Plaintiff's argument, not allowing it to print, copy or transmit the statewide voter registration list does not violate the NVRA because by the plain and unambiguous language of its disclosure provision, Plaintiff was not entitled to the list.

### A.    Review of the plain and unambiguous language of Section 8(i) demonstrates disclosure of the statewide voter registration list is clearly not required.

In Defendants' memorandum of law in support of their motion for summary judgment, Defendants discuss how the plain and unambiguous language of the NVRA's disclosure provision, 52 U.S.C. § 20507(i)(1), clearly shows that Section 8(i) does not require disclosure of the statewide voter registration list. Section 8(i), by its plain language only requires disclosure of "records concerning the *implementation of programs and activities conducted for ensuring the accuracy and currency* of official lists of eligible voters," not the official voter lists themselves. *See* 52 U.S.C. § 20507(i)(1) (emphasis added). Defendants incorporate the arguments made it their memorandum regarding the plain and unambiguous language of Section 8(i) by this reference.

### B.    This is a case of first impression for this Court.

Plaintiff cites to decisions from other circuits and districts, but it cites no precedential cases in its motion which support its broad interpretation of Section 8(i). (Doc. 22, pp. 22-23, 26). As discussed in Defendants' memorandum of law in support of its motion for summary judgment,

Plaintiff relied on several cases in its complaint that it now relies on in support of its motion for summary judgment. However, as discussed by Defendants in their memorandum of law in support of their motion for summary judgment, the opinions in *Judicial Watch, Inc. v. Lamone*, 399 F. Supp. 3d 425 (D. Md. 2019), *True the Vote v. Hosemann*, 43 F. Supp. 3d 693 (S.D. Miss. 2014), and *Project Vote v. Long*, 682 F.3d 331, 334-335 (4th Cir. 2012) are not binding authority.

In its summary judgment memorandum, Plaintiff cites to additional case law that is equally unavailing. Plaintiff claims that *Bellitto v. Snipes*, No. 16-cv-61474, 2018 U.S. Dist. LEXIS 103617, *13 (S.D. Fla. Mar. 30, 2018), stands for the proposition that "election officials must provide full public access to all records related to their list maintenance activities *including their voter rolls*." (Doc. 22, p. 26) (emphasis added). Plaintiff's characterization of this opinion, which actually entered judgment in the *defendants'* favor, is misleading. In *Bellitto*, the American Civil Rights Union ("ACRU") and one of its members, Andrea Bellitto, sued the Supervisor of Elections of Broward County, Florida, claiming she failed to make reasonable efforts to conduct *voter list maintenance programs*. 2018 U.S. Dist. LEXIS 103617, *3-4. It does not appear from that case the plaintiffs requested a copy of the Florida voter registration list, voter roll, or even argued the failure to provide the voter registration list violated Section 8(i). The opinion states, "the [c]ourt's focus, and its resulting analysis in this Opinion, center on whether . . . the [Supervisor of Elections] for Broward County conducted a general program that makes a reasonable effort to remove ineligible voters by reason of death or change of address as required by Section 8 of the NVRA." *Id.* at *9. In determining whether Broward County made a reasonable effort to remove ineligible voters, the district court outlined the NVRA and in doing so, cited to 52 U.S.C. § 20507(i) for the

proposition that "election officials must provide full public access to all records related to their list maintenance activities, including their voter rolls." *Id*. at *13.

The disclosure of voter rolls, however, was not even an issue in the *Bellitto* case unless the maintenance materials that were at issue (lists of names and addresses of all persons to whom notices were sent) can be described as a "voter roll." It seems likely that the court viewed maintenance materials as a voter roll, given a plain reading of the statute does not include the term "voter rolls" and so the court's assertion that access to voter rolls was required is not actually supported by the statute on its face. *See* 52 U.S.C. § 20507(i). Given the ultimate question in *Bellitto* was whether a reasonable effort was made to maintain accurate voter registrations in Broward County and not an analysis of which election-related information the public is entitled to receive under the NVRA, the court's statement regarding voter rolls is, at most, ambiguous dicta. *See Wilder v. Apfel*, 153 F.3d 799, 803 (7th Cir. 1998) (explaining that dicta are "not . . . integral elements of the analysis underlying the decision" and are "not grounded in concrete legal dispute and anchored by the particular facts of that dispute," so "they may not express the judges' most careful, focused thinking."). Finally, that the plaintiffs in *Bellitto* claim the election official defendant failed to make "reasonable efforts to conduct *voter list maintenance programs* in violation of Section 8 of NVRA" is consistent with the plain language of Section 8(i) which requires disclosure of list maintenance data, not statewide voter registration lists.

Finally, in its summary judgment memorandum, Plaintiff contends the Northern District's decision in *Ill. Conservative Union v. Illinois*, No. 20-cv-5542, 2021 U.S. Dist. LEXIS 102543, *1-2 (N.D. Ill. June 1, 2021) supports its argument that disclosure of the Illinois statewide voter registration list is required by the NVRA. (Doc. 22, pp. 7-8). However, *Conservative Union* was

not a final decision but rather the Northern District's ruling on the defendant's 12(b)(1) and (b)(6) motion to dismiss. The court found plaintiffs had plausibly alleged Section 1A-25's prohibition on photocopying conflicts with Section 8(i) and frustrates the goal of the NVRA of providing voter information to the public to help ensure the accuracy ad currency of voter registration rolls and therefore plaintiffs could proceed on their NVRA claim. *Id*. at *19-20. Here, at this stage, the issue is whether Plaintiff is entitled to judgment as a matter of law. For the reasons discussed herein, the answer is no.

Thus, for these reasons, the Court should deny the Plaintiff's motion for summary judgment.

II. **Because the NVRA does not mandate disclosure of voter registration lists, it does not preempt the Illinois state-law provisions which govern access to the voter registration list.**

In Defendants' memorandum of law in support of their motion for summary judgment, Defendants argue that since the NVRA does not require disclosure of voter registration lists, it does not preempt 10 ILCS 5/1A-25. In response to Plaintiff's memorandum in support of summary judgment, Defendants hereby incorporate the preemption arguments made in its memorandum in support of summary judgment.

Additionally, Section 1A-25 outlines safeguards that preserve the privacy and confidentiality of sensitive voter information. The State's efforts to protect its citizens' privacy in this way can only be preempted by an explicit act of Congress. *Wyeth v. Levine*, 555 U.S. 555, 565 (2009) (citing *Medtronic, Inc. v. Lohr,* 518 U.S. 470, 485 (1996)) ("'[i]n all pre-emption cases … we start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress.'").

Plaintiff argues the Seventh Circuit held the NVRA is superior to conflicting Illinois law in *ACORN v. Edgar*, 56 F.3d 791, 795 (7th Cir. 1995). (Doc. 22, p. 27). That case did not concern, discuss, or address Section 8(i) of the NVRA, let alone whether it preempts 10 ILCS 5/1A-25. *Id*. Section 1A-25 was not addressed in the Seventh Circuit opinion. Rather, the case involved a different part of the National Voter Registration Act, 42 U.S.C. § 1973gg, et seq., commonly known as the "motor voter" law, which, among other things, required every application for a driver's license have information enabling it to also serve as an application to register to vote in federal elections. *Id.* at 793. The court noted Congress exercised its power under Article I section 4 and if a state law regulating registration for federal election differs from the "motor voter" law then the federal law alters state law. *Edgar*, 56 F. 3d at 795. As discussed above, since the NVRA does not mandate disclosure of voter registration lists, 10 ILCS 5/1A-25 does not conflict with it and therefore there is no preemption.

Thus, for these reasons, Plaintiffs' argument that Section 1A-25 is preempted by the NVRA lacks merit.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request this Court deny Plaintiff's motion for summary judgment.

                                             Respectfully submitted,

                                             BERNADETTE MATTHEWS, KYLE THOMAS, CHERYL HOBSON, and ILLINOIS STATE BOARD OF ELECTIONS,

                                             Defendants,

| | |
|---|---|
| Thomas R. Ewick #6279084 | KWAME RAOUL, Attorney General, |
| Assistant Attorney General | State of Illinois, |
| 500 South Second Street | |
| Springfield, Illinois 62701 | Attorney for Defendants |
| (217) 782-9026 Phone | |
| (217) 524-5091 Fax | By: s/Thomas R. Ewick |
| E-mail: Thomas.Ewick@ilag.gov | Thomas R. Ewick #6279084 |
| gls@ilag.gov | Assistant Attorney General |

**CERTIFICATE OF COMPLIANCE WITH CDIL-LR 7.1(D)(5)**

Pursuant to CDIL-LR 7.1(D)(5) (incorporating the page and character limit set forth in CDIL-LR 7.1(B)(4)), the undersigned hereby certifies the Argument section of this memorandum does not contain more than 7,000 words or 45,000 characters. In making this certification, I relied upon the word count function of Microsoft Word that indicated the Argument section contains 2,334 words and 14,654 characters with spaces.

By:  s/ Thomas R. Ewick
     Assistant Attorney General

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD, ILLINOIS

| | |
|---|---|
| PUBLIC INTEREST LEGAL FOUNDATION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | 20-cv-3190-SEM-TSH |
| ) | |
| STEVE SANDVOSS, in his official Capacity as ) | |
| Executive Director of the Illinois State Board of ) | |
| Elections, KYLE THOMAS, in his official capacity ) | |
| as Director of Voting Systems and Registration, ) | |
| CHERYL HOBSON in her Official capacity as Deputy ) | |
| Director of Voting and Registration, and the ) | |
| **ILLINOIS STATE BOARD OF ELECTION**, ) | |
| ) | |
| Defendants. ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2021, the foregoing document, *Defendants' Response to Plaintiff's Motion for Summary Judgment* was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Kaylan Phillips | Kphillips@publicinterestlegal.org |
| Christine Svenson | christine@svensonlawoffices.com |
| Sue Becker | sbecker@PublicInterestLegal.org |

and I hereby certify that on the same date, I caused a copy of the foregoing document to be mailed by United States Postal Service, to the following non-registered participant: NONE

Respectfully submitted,

By: s/Thomas R. Ewick
Thomas R. Ewick #6279084
Assistant Attorney General
500 South Second Street
Springfield, IL 62701
(217) 782-9026 Phone
(217) 524-5091 Fax
E-mail: Thomas.Ewick@ilag.gov