IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT SPRINGFIELD, ILLINOIS

| | |
|---|---|
| **PUBLIC INTEREST LEGAL FOUNDATION, INC.** <br><br> *Plaintiff*, <br><br> v. <br><br> **STEVE SANDVOSS**, in his official capacity as Executive Director of the Illinois State Board of Elections, **KYLE THOMAS,** in his official capacity as Director of Voting Systems and Registration, **CHERYL HOBSON** in her official capacity as Deputy Director of Voting and Registration, and the **ILLINOIS STATE BOARD OF ELECTIONS**. <br><br> *Defendants*. | Case No. 20-CV-3190-SEM-TSH |

**Plaintiff Public Interest Legal Foundation's
Reply to Motion for Summary Judgment**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1(D), Plaintiff Public Interest Legal Foundation ("Foundation"), files this reply to its Motion for Summary Judgment (Doc. 22.) The Defendants' Response (Doc. 31) confirms that there are no issues of material fact genuinely in dispute. As a result, the Foundation is entitled to judgment as a matter of law.

**Reply to Additional Material Facts**

Rather than set forth additional material facts in their response, Defendants merely incorporated by reference their statement of undisputed facts in their recently filed summary judgment motion. (Doc. 31 at 3.) The Foundation disputes that these facts constitute "additional material facts" as they are mostly repetitive of what is found in the Foundation's Statement of Undisputed Material Facts ("UMF"). (Doc. 22 at 9-14.) Pursuant to Local Rule 7.1(D)(3)(a), the Foundation responds to the incorporated facts herein.

1.      Undisputed. *See* Foundation's UMF at 7. (Doc. 22 at 11.)

2. Undisputed. *See* Foundation's UMF at 11. (Doc. 22 at 11-12.)

3. Undisputed. *See* Foundation's UMF at 11. (Doc. 22 at 11-12.)

4. Material but is disputed. This statement incorrectly implies that the Foundation did not specifically request Illinois's voter list until "subsequent correspondence." Rather, the Foundation specifically requested "an electronic copy of the Illinois statewide voter registration list" in its initial correspondence dated October 16, 2019. *See* Doc. 1-4 and Foundation's UMF at 7. (Doc. 22 at 11.)

5. It is undisputed that, on January 31, 2020, counsel for the Foundation went to the State Board of Election's office in Springfield, Illinois to inspect the centralized statewide voter registration list. *See* Foundation's UMF at 13. (Doc. 22 at 12.)

6. Undisputed.

7. Undisputed.

8. Undisputed. *See* Foundation's UMF at 15. (Doc. 22 at 12.)

9. Undisputed. *See* Foundation's UMF at 15. (Doc. 22 at 12.)

10. Undisputed. *See* Foundation's UMF at 14. (Doc. 22 at 12.)

11. Undisputed. *See* Foundation's UMF at 14. (Doc. 22 at 12.)

12. Undisputed. *See* Foundation's UMF at 21. (Doc. 22 at 13-14.)

13. Undisputed that local election authorities perform list maintenance activities but disputed that *only* local election authorities perform list maintenance activities. *See* Foundation's UMF at 20. (Doc. 22 at 13.)

14. Undisputed. *See* Foundation's UMF at 22. (Doc. 22 at 14.)

15. Undisputed.

16. Undisputed.

17. Immaterial and undisputed for the purposes of this response. Whether or not Defendant Hobson has authority to enforce provisions of the National Voter Registration Act is not material to the issues presented here.

18. Undisputed.

19. Undisputed.

20. Immaterial and undisputed for the purposes of this response. Whether or not Defendant Thomas has authority to enforce provisions of the National Voter Registration Act is not material to the issues presented here.

21. Undisputed.

22. Undisputed.

23. Undisputed.

## Argument

Defendants do not dispute that the Foundation requested from Defendants an electronic copy of Illinois's statewide voter registration list ("Voter File") pursuant to the NVRA's Public Disclosure Provision. Foundation's UMF ¶ 7. Defendants do not dispute that the Voter File is used for and reflects list maintenance activities. Foundation's UMF ¶¶ 20-22. Defendants do not dispute that they refused to provide the Foundation with the Voter File. Foundation's UMF ¶¶ 17-18.

Instead, Defendants argue that the NVRA "does not require disclosure of the statewide voter registration list." (Doc. 31 at 6.)  In so doing, Defendants ignore the plain language of federal law and argue a position contrary to the opinions of *every* court to consider this issue, including the United States District Court for the Northern District of Illinois. *See Ill.*

*Conservative Union v. Illinois*, No. 20 C 5542, 2021 U.S. Dist. LEXIS 102543, at *14 (N.D. Ill. June 1, 2021) ("the courts that have addressed the question have uniformly reached the conclusion that the NVRA's reference to 'records' in Section 8(i) includes voter list data."). Under the reasoning of *Ill. Conservative Union* and every federal court that has confronted the question, there is no credible argument that the requested Voter File is not a "record" concerning a "program" or "activity" conducted for the purpose of "ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. § 20507(i)(1). Judgment should therefore enter for the Foundation.

I. **The Voter File Is Subject to Public Disclosure Under the Plain and Unambiguous Terms of the NVRA.[1]**

Defendants state that the Foundation has a "broad interpretation of Section 8(i)." (Doc. 31 at 6.) Far from seeking "unfettered access to voter registration data," (Doc. 22 at 4), the Foundation seeks only the culmination and end product of the implementation of Illinois's voter list maintenance activities manifested in the list of those eligible to vote. The text of the Public Disclosure Provision is unambiguous: "Each state … shall make available for public inspection ... *all records* concerning the implementation of *programs and activities* conducted for the purpose of ensuring the *accuracy and currency* of official lists of eligible voters." 52 U.S.C. § 20507(i)(1) (emphasis added). Congress included only two delineated exceptions, neither of which are implicated by the Foundation's request. *See* 52 U.S.C. § 20507(i)(1).

Defendants' arguments about "legitimate privacy concerns" fail. (Doc. 22 at 4.) The Voter List does not contain "'sensitive information that implicates special privacy concerns.'"

---

[1] Defendants "incorporate the argument made it (sic) their memorandum regarding the plain and unambiguous language of Section 8(i)…" (Doc. 22 at 6.) Likewise, Defendants incorporate by reference various arguments throughout their response. The Foundation herein replies to arguments presented in the reply itself and will address Defendants' motion for summary judgment in its responsive filing.

(Doc. 31 at 5 (quoting *Project Vote, Inc. v. Kemp*, 208 F. Supp. 3d 1320, 1344-1345 (N.D. Ga. 2016).)  The following was confirmed during the deposition of the representative of the Illinois State Board of Elections,

> Q.· ·Okay.· Just to be clear, the dissemination
> ·4· ·list does not include full date of birth, correct?
> ·5· · · · A.· ·Correct.
> ·6· · · · Q.· ·The dissemination list does not include Social
> ·7· ·Security numbers, correct?
> ·8· · · · A.· ·Correct.
> ·9· · · · Q.· ·The dissemination list does not include
> 10· ·driver's license numbers, correct?
> 11· · · · A.· ·Correct.

(Doc. 22-3 at 13.) Illinois also already allows other entities to access to the very information they claim is private, undermining their argument and any proffered privacy concerns. 10 ILCS. 5/1A-25.

## II. Defendants' Limited Interpretation of the NVRA Is Not Supported by any Caselaw.

Defendants downplay the authority squarely supporting the Foundation's position. They also fail to provide a single authority supporting their position that a voter list is exempt from the NVRA. As for the multiple cases the Foundation cites in its Motion, the Defendants respond that they "are not binding authority." (Doc. 22 at 7.) True enough. Yet these authorities are well-reasoned, persuasive, and uniform in outcome. Indeed, the Foundation is not aware of *any* contrary authority on this matter and Defendants do not prove otherwise.

Defendants characterize the Foundation's inclusion of one court decision as "misleading." (Doc. 22 at 7.) It is not. In its Motion, the Foundation quotes directly from the court's conclusions of law and findings of fact. (*See Bellitto v. Snipes*, No. 16-cv-61474, 2018 U.S. Dist. LEXIS 103617, at *12-13 (S.D. Fla. Mar. 30, 2018) and Doc. 22 at 26.) The specific section, entitled "Section 8 of the NVRA," is a summary of the NVRA.

> To ensure that election officials are fulfilling their list maintenance duties, the NVRA contains public inspection provisions. 52 U.S.C. § 20507(i). These provisions are available to any member of the public, including ACRU, and they convey Congress's intention that the public should be monitoring the state of the voter rolls and the adequacy of election officials' list maintenance programs. *Id*. Accordingly, election officials must provide full public access to all records related to their list maintenance activities, including their voter rolls. *Id*.

*Bellitto v. Snipes*, No. 16-cv-61474, 2018 U.S. Dist. LEXIS 103617, at *12-13 (S.D. Fla. Mar. 30, 2018). That the case did not involve a state refusing to provide a voter list like the issue before this Court does not render the Southern District of Florida's summary of the NVRA "ambiguous dicta." (Doc. 31 at 8.) First, as the Foundation noted in its Motion, Florida is one of the 43 states in the Union that makes its voter roll readily available. (Doc. 22 at 24.) The Foundation already has the Florida voter rolls. The same is true for nearly every other state. Therefore, unlike here, the plaintiff did not need to bring a NVRA action to obtain this basic list maintenance data. Second, the Southern District of Florida's conclusions of law provide more authority supporting the Foundation's position.

**III.    Illinois Law Is Preempted and Superseded by the NVRA.**

In response to the Foundation's discussion on preemption, Defendants argue that "since the NVRA does not mandate disclosure of voter registration lists, 10 ILCS 5/1A-25 does not conflict with it and therefore there is no preemption." (Doc. 31 at 10.) For the reasons articulated in the Foundation's Motion, the NVRA does mandate the disclosure of the Voter File.

**Conclusion**

For the reasons herein and those in the Foundation's motion for summary judgment, the Foundation is entitled to judgment as a matter of law.

Dated: October 4, 2021.

Respectfully submitted,

 /s/ Kaylan L. Phillips
Kaylan L. Phillips
Public Interest Legal Foundation, Inc.
32 E. Washington St., Ste. 1675
Indianapolis, IN 46204
Tel: (317) 203-5599
Fax: (888) 815-5641
kphillips@PublicInterestLegal.org

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing memorandum complies with Local Rule 7.1(D)(5) as the argument portion of the brief does not exceed five double-spaced pages.

    /s/ Kaylan L. Phillips
Kaylan L. Phillips
Counsel for Plaintiff
kphillips@PublicInterestLegal.org

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2021, I electronically filed the foregoing using the Court's ECF system, which will serve notice on all parties.

    /s/ Kaylan L. Phillips
Kaylan L. Phillips
Counsel for Plaintiff
kphillips@PublicInterestLegal.org