IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT SPRINGFIELD, ILLINOIS

| | |
|---|---|
| **PUBLIC INTEREST LEGAL FOUNDATION, INC.**<br><br>*Plaintiff*,<br><br>v.<br><br>**STEVE SANDVOSS**, in his official capacity as Executive Director of the Illinois State Board of Elections, **KYLE THOMAS,** in his official capacity as Director of Voting Systems and Registration, **CHERYL HOBSON** in her official capacity as Deputy Director of Voting and Registration, and the **ILLINOIS STATE BOARD OF ELECTIONS**.<br><br>*Defendants*. | Case No. 20-CV-3190-SEM-TSH |

**Plaintiff Public Interest Legal Foundation's
<u>Response to Court's Order Dated September 29, 2021</u>**

Pursuant to this Court's order dated September 29, 2021, Plaintiff Public Interest Legal Foundation ("Foundation"), files this brief addressing the issue of whether, under the plan of the convention doctrine, the State of Illinois, and thereby the Board of Elections, may be sued in federal court by private parties.

As Defendants acknowledge, Congress can abrogate a state's Eleventh Amendment immunity. (Doc. 30 at 21.) Congress did so in the NVRA. *See United States v. Louisiana*, 196 F. Supp. 3d 612, 657-58 (M.D. La. 2016). The text of the NVRA likewise demonstrate Congress's intent to abrogate immunity for suits under the NVRA. First, the NVRA places multiple explicit obligations on each "State," including the duty to conduct a list maintenance program, 52 U.S.C. § 20507(a)(4), and to make list maintenance records public, 52 U.S.C. § 20507(i). Second, Congress provided an express private right of action in the NVRA that allows any aggrieved person to enforce the obligations placed on the States. 52 U.S.C. § 20510.

1

Last month, the Northern District of Illinois supported the Foundation's position. It considered whether the State of Illinois and the State Board of Elections had sovereign immunity against a claim under the National Voter Registration Act ("NVRA") just like that presented in this case. *See* Doc. 29, *Ill. Conservative Union v. Illinois*, No. 20-cv-05542 (Sept. 28, 2021). There, the plaintiffs made "two arguments as to why sovereign immunity does not apply to their claims, contending that Congress abrogated sovereign immunity in the NVRA and that the States 'consented to suit in the plan of the Convention[.]" *Id*. at 2. The court determined that it "need only address the latter argument," the argument concerning the plan of the Convention. *Id*. at 2.

That court held that an NVRA claim may proceed against the State of Illinois and the Illinois State Board of Elections pursuant to the plan of the Convention doctrine. *Id.* at 3. According to a recent Supreme Court decision,

> [A] State may be sued if it has agreed to suit in the 'plan of the Convention,' which is shorthand for 'the structure of the original Constitution itself.' *Alden*, 527 U. S., at 728; see The Federalist No. 81, pp. 548-549 (J. Cooke ed. 1961) (A. Hamilton). The "plan of the Convention" includes certain waivers of sovereign immunity to which all States implicitly consented at the founding. *See Alden*, 527 U. S., at 755-756.

*PennEast Pipeline Co., LLC v. New Jersey*, 141 S. Ct. 2244, 2258 (2021).

"The Supreme Court has recognized that the Elections Clause expressly delegates power concerning federal elections to the States, meaning that the Constitution divested the States of any original power over elections and gave that power to the federal government." Doc. 29 at 2, *Ill. Conservative Union v. Illinois*, No. 20-cv-05542 (Sept. 28, 2021) (*citing U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 804–05 (1995).) As the Sixth Circuit Court of Appeals stated, "[i]n ratifying Article I, Section 4, the states . . . gave Congress plenary authority over federal elections." *Harkless v. Brunner*, 545 F.3d 445, 454–55 (6th Cir. 2008).

States implicitly consented to waive sovereign immunity to Congress' authority pursuant to the Constitution's Election Clause contained in Article I Section 4. *See* Doc. 29 at 2-3, *Ill. Conservative Union v. Illinois*, No. 20-cv-05542 (Sept. 28, 2021). In addition to the NVRA abrogating immunity for suits, the State has therefore implicitly consented to a waiver of its sovereign immunity in any action brought pursuant to the Elections Clause under the "plan of the Convention."

## Conclusion

For the reasons herein and those in the Foundation's response Defendants' motion to dismiss (Doc. 13), the Foundation's motion for summary judgment (Doc. 22), and the Foundation's response to Defendants' motion for summary judgment (Doc. 33), judgment should enter for the Foundation.

Dated: October 13, 2021.

Respectfully submitted,

 /s/ Kaylan L. Phillips
Kaylan L. Phillips
Public Interest Legal Foundation, Inc.
32 E. Washington St., Ste. 1675
Indianapolis, IN 46204
Tel: (317) 203-5599
Fax: (888) 815-5641
kphillips@PublicInterestLegal.org

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2021, I electronically filed the foregoing using the Court's ECF system, which will serve notice on all parties.

 /s/ Kaylan L. Phillips
Kaylan L. Phillips
Counsel for Plaintiff
kphillips@PublicInterestLegal.org