IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, ILLINOIS

| | |
|---|---|
| PUBLIC INTEREST LEGAL FOUNDATION, INC., )<br>)<br>Plaintiff,                                    )<br>)<br>-vs-                                          )<br>)<br>STEVE SANDVOSS, in his official Capacity as   )<br>Executive Director of the Illinois State Board of )<br>Elections, KYLE THOMAS, in his official capacity )<br>as Director of Voting Systems and Registration, )<br>CHERYL HOBSON in her Official capacity as Deputy)<br>Director of Voting and Registration, and the  )<br>ILLINOIS STATE BOARD OF ELECTION,             )<br>)<br>Defendants.                              ) | 20-cv-3190-SEM-TSH |

**SUPPLEMENTAL BRIEF IN FURTHER
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

NOW COME Defendants, BERNADETTE MATTHEWS,[1] KYLE THOMAS, CHERYL HOBSON, and the ILLINOIS STATE BOARD OF ELECTIONS ("SBE"), by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby submit this supplemental brief in further support of their motion for summary judgment pursuant to the Court's September 29, 2021 order.

**INTRODUCTION**

Plaintiff has filed a complaint for declaratory and injunctive relief, asking this Court to declare Defendants in violation of Section 8(i) of the National Voter Registration Act (NVRA) (52 U.S.C. § 20507(i)(1)) for refusing to allow Plaintiff to inspect and copy requested list maintenance data and the Illinois voter registration list. (Doc. 1, Prayer for Relief, ¶ 1.) Plaintiff further seeks a

---

[1] Bernadette Matthews is the Acting Executive Director of the Illinois State Board of Elections, and therefore is automatically substituted for former Executive Director Steve Sandvoss. Fed. R. Civ. Pro. 25(d).

declaration that Section 8(i) preempts any restriction contained in 10 ILCS 5/1A-25 that prevents Plaintiff from inspecting and copying list maintenance data and the statewide voter restriction list. (Doc. 1, Prayer for Relief, ¶ 2.) Plaintiff requests this Court order Defendants to produce the statewide list maintenance data and voter registration list or otherwise allow Plaintiff to copy the list and permanently enjoin Defendants from denying requests to inspect similar list maintenance data attached to voter registration lists in the future. (Doc. 1, Prayer for Relief, ¶ 3.)

Defendants Thomas, Hobson, and the Illinois State Board of Elections filed a joint motion to dismiss, arguing, *inter alia*, Plaintiff's claim against SBE should be dismissed because the Eleventh Amendment bars suit against the State and its agencies and departments. (Doc. 9, ¶ 2.) Plaintiff responded, arguing (1) Congress has overridden SBE's immunity by including a private right of action against State entities that violate the NVRA; (2) SBE is the only election entity responsible for complying with the NVRA; and (3) the doctrine of *Ex parte Young* defeats the Eleventh Amendment immunity defense in this case. (Doc. 13 at 2-6.) Defendants moved for summary judgment, arguing in part that the court should enter judgment in favor of SBE as the claim against it is barred by the Eleventh Amendment. (Doc. 29, ¶ 8.) Both the motion to dismiss and the motion for summary judgment are currently pending before the Court.

On September 29, 2021, the Court entered a text order noting it had taken judicial notice of the order in *Illinois Conservative Union v. State of Illinois*, 20-C-5542, Doc. 29 (N.D. Ill. September 28, 2021), which denied, "under the plan of Convention doctrine," the State of Illinois' motion to dismiss based on Eleventh Amendment sovereign immunity. *Id*. at *3. The Court has ordered both parties in this case to file briefs on the issue of whether the plan of convention doctrine permits suit against the State of Illinois and SBE in federal court by private parties.

The Northern District's reasoning should not be followed here because under the plan of convention doctrine there must be compelling evidence that the States consented to suit. While the Elections Clause provides that States shall prescribe the Times, Place, and Manner of federal elections with Congress having the authority to alter such regulations, there is no such similar provision giving Congress the authority to alter State regulations on qualifications to vote in elections. In other words, there is no compelling evidence that the States consented to suit, such as the present suit, over its authority to regulate voter qualifications.

## BACKGROUND

The SBE has "general supervision over the administration of the registration and election laws throughout the State," and has the authority to perform other duties as prescribed by law. ILL. CONST. art III, § 5; 10 ILCS 5/1A-1. Section 1A-25 of the Illinois Election Code provides that a centralized statewide voter registration list "shall be created and maintained by the State Board of Elections as provided in this section." 10 ILCS 5/1A-25. "The centralized statewide voter registration list shall be compiled from the voter registration data bases of each election authority in this State." 10 ILCS 5/1A-25(1). List maintenance activities that affect registration information include: documenting the registrant's status as active, inactive, ineligible, or any other internal classification, documenting the registrant's name and birthdate, noting a registrant has a new address, documenting that the registrant has requested to be removed from the registration list, documenting that a confirmation card was sent to a registrant's address, and documenting in the registration record that a registrant was reported deceased. (Doc. 22-1, ¶¶ 8-14, 16, 18-19.)

## ARGUMENT

The Court should not apply the plan of the convention doctrine because there is no compelling evidence that the States consented to lawsuits by citizens of another State concerning

the regulation of qualifications to vote. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment does not apply: (1) where Congress has abrogated the State's immunity from suit through an unequivocal expression of its intent to do so through a valid exercise of its power; (2) where a State has waived its immunity and consented to the suit; and (3) where the suit is one against a State official for prospective injunctive relief. *Ex parte Young*, 209 U.S. 123 (1908); *Sonnleitner v. York*, 304 F. 3d 704, 717 (7th Cir. 2002). States have consented to some suits through the "plan of the convention," because sovereign immunity derives from "the structure of the original Constitution itself." *Alden v. Me*, 527 U.S. 706, 728, 755 (1999). "The 'plan of the Convention' includes certain waivers of sovereign immunity to which all States implicitly consented at the founding." *PennEast Pipeline Co., LLC v. New Jersey*, 141 S. Ct. 2244, 2258 (2021). The Supreme Court has recognized plan of the convention waivers in bankruptcy proceedings, suits by other States, and suits by the Federal Government. *Id*. (citing *Cent. Va. Cmty. Coll. v. Katz*, 546 U.S. 356, 379 (2006); *Allen v. Cooper*, 589 U. S. ___, 140 S. Ct. 994 (2020); *South Dakota* v. *North Carolina*, 192 U.S. 286, 318, (1904); *United States v. Texas*, 143 U. S. 621, 646 (1892)). States retain sovereign immunity from private lawsuits even though they have consented to suits brought by other States or by the federal government by virtue of ratification of the Constitution. *See EEOC v. Bd. of Regents of Univ. of Wis. Sys.*, 288 F.3d 296, 299 (7th Cir. 2002) (applying *Alden* in holding that university was not entitled to sovereign immunity in ADEA claim brought by EEOC even though sovereign immunity barred private lawsuits seeking monetary damages under the ADEA).

The Supreme Court has not applied the plan of the convention doctrine to lawsuits brought by citizens of a State against another State's chief election agency for alleged violations of the NVRA. Nor has the Seventh Circuit. "Since [*Seminol Tribe of Fla. v. Florida*, 517 U.S. 44 (1996)], the Supreme Court has not referred to any part of the constitutional design or structure that would permit a private party to bring suit against a State under a law enacted by Congress pursuant to any of its Article I legislative powers." *Nelson v. La Crosse Cnty. Dist. Atty. (In re Nelson)*, 301 F.3d 829, 833 (7th Cir. 2002).

In *Illinois Conservative Union v. State of Illinois*, 20-C-5542, Doc. 29 (N.D. Ill. September 28, 2021), the court denied SBE's motion to dismiss based on sovereign immunity, finding the plan of the convention doctrine allowed private suits against the SBE and Illinois to enforce the NVRA. The Northern District reasoned that "[t]he Supreme Court has recognized that the Elections Clause expressly delegates power concerning federal elections to the States, meaning that the Constitution divested the States of any original power over elections and gave that power to the federal government." *Id.* at *3 (citing *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 804–05 (1995)) ("[T]he provisions governing elections reveal the Framers' understanding that powers over the election of federal officers had to be delegated to, rather than reserved by, the States."). The court also cited *Harkless v. Brunner*, 545 F.3d 445, 454-55 (6th Cir. 2008), wherein the court stated that "[i]n ratifying Article I, Section 4, the states . . . gave Congress plenary authority over federal elections." The Northern District reasoned that "'[w]hen it comes to time, place, and manner regulations for federal elections, the Constitution primarily treats states as election administrators rather than sovereign entities.'" *Id.* citing *Harkless*, 545 F.3d at 454. The Northern District concluded that "in the Constitution, the States consented to suit for claims related to the time, place, and manner of federal elections, including the claim raised by Plaintiffs concerning

the State and the Board's compliance with the NVRA." *Illinois Conservative Union*, 20-C-5542, Doc. 29 at *3.

The Northern District overlooked Supreme Court precedent rejecting claims that the plan of the convention authorized suits against the States by private parties via Article I. In *Allen v. Cooper*, 140 S. Ct. 994, 1007 (2020), the Court held that Congress had not validly abrogated the States' immunity pursuant to either its Article I powers or its Fourteenth Amendment powers when it passed the Copyright Remedy Clarification Act. *Allen v. Cooper*, 140 S. Ct. 994, 1007 (2020). It also rejected the plaintiff's argument that the Intellectual Property Clause, itself, abrogated immunity, under the plan of the convention doctrine. *Id.* at 1001–03. The plaintiff argued for an extension of *Katz*, which held that the States waived immunity under the Bankruptcy Clause, and contended the Court should undertake a clause-by-clause analysis and apply the same rule to copyright claims. The Court disagreed, clarifying that its ruling in *Katz* recognized the *sui generis* nature of bankruptcy and was a "good-for-one-clause-only holding," premised in part on the fact that bankruptcy jurisdiction is "'principally in rem'—meaning that it is 'premised on the debtor and his estate, and not on the creditors' (including a State)" and, therefore, "it does not implicate States' sovereignty to nearly the same degree as other kinds of jurisdiction." *Id.* at 1002–03.

Here, there is nothing *sui generis* about the Elections Clause that renders it any different than the Intellectual Property Clause, which has been held insufficient to abrogate immunity through the plan of the convention to allow suits by private parties. This is not an *in rem* proceeding, and Plaintiffs plainly invoke ordinary party jurisdiction that implicates State sovereignty. This Court should apply *Allen*, a case the Northern District overlooked, and recognize SBE's immunity.

Moreover, even if the States waived immunity by ratifying the Elections Clause, that waiver doesn't extend to this case. The Clause only requires that "[t]he Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of chusing Senators." US Const. Art. 1, ¶ 4, Cl. 1. In this case, Plaintiff's lawsuit does not concern the time, place or manner of federal elections. Instead, Plaintiff seeks copies of the statewide voter registration list and list maintenance data, which concerns the state's authority to regulate voter qualifications. (Doc. 1, ¶ 18; Doc. 1, Prayer for Relief, ¶ 3; Doc. 1-4; Doc. 1-7; Doc. 8, ¶ 18; Doc. 1-9; Doc. 8.)

In *Husted v. A. Philip Randolf Inst.*, 138 S. Ct. 1833, 1835 (2018), the Supreme Court held that the Sixth Circuit erred when it found Ohio's procedure for removing individuals who had not voted in recent elections from the rolls of voters violated the NVRA. The appellees had argued that Congress's authority to regulate the "Times, Places and Manner" of holding congressional elections includes the authority to impose limits on evidence a State may consider when maintaining its voter rolls. *Id*. at 1849. The Court rejected this argument and noted:

> [A]s originally understood, the Times, Places and Manner Clause grants Congress power 'only over the 'when, where, and how' of holding congressional elections,' not over the question of who can vote.  The 'Manner of holding Elections' was understood to refer to 'the circumstances under which elections were held and the mechanics of the actual election.' **It does not give Congress the authority to displace state voter qualifications or dictate what evidence a State may consider in deciding whether those qualifications have been met**.

*Id.* at 1850. (emphasis added) (internal citations omitted).

Hence, even assuming States consented to suits by private citizens of another State involving the times, places and manner of federal elections, there is no authority, let alone compelling evidence, for the proposition that States consented to suits, such as the present suit,

concerning a State's authority to regulate voter qualifications by maintaining list maintenance data voter registration lists, or voter rolls. The Supreme Court has stated that in "exercising its Article I powers Congress may subject the States to private suits in their own courts only if there is 'compelling evidence' that the States were required to surrender this power to Congress pursuant to the constitutional design." *Alden*, 527 U.S. at 730-31. There is no compelling evidence that the States were required to surrender the power to decide voter qualifications, which would not be included within the definitions discussed above of the Times, Places and Manner of elections. While the elections clause explicitly provides "Congress may at any time by Law make or alter such Regulations" concerning the Times, Places and Manner of elections, there is no indication the States consented, through the plan of the convention, to law suits, such as the present lawsuit, concerning the regulation of voter qualifications.

WHEREFORE, Defendants, Bernadette Matthews, Kyle Thomas, Cheryl Hobson, and Illinois State Board of Elections respectfully request the Court grant their motion for summary judgment.

Respectfully submitted,

BERNADETTE MATTHEWS, KYLE THOMAS, CHERYL HOBSON, and ILLINOIS STATE BOARD OF ELECTIONS,

Defendants,

Thomas R. Ewick #6279084
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 782-9026 Phone
(217) 524-5091 Fax
E-mail: Thomas.Ewick@ilag.gov
gls@ilag.gov

KWAME RAOUL, Attorney General,
State of Illinois,

Attorney for Defendants

By: s/Thomas R. Ewick
Thomas R. Ewick #6279084
Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, ILLINOIS

| | |
|---|---|
| PUBLIC INTEREST LEGAL FOUNDATION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | 20-cv-3190-SEM-TSH |
| ) | |
| STEVE SANDVOSS, in his official Capacity as ) | |
| Executive Director of the Illinois State Board of ) | |
| Elections, KYLE THOMAS, in his official capacity ) | |
| as Director of Voting Systems and Registration, ) | |
| CHERYL HOBSON in her Official capacity as Deputy) | |
| Director of Voting and Registration, and the ) | |
| ILLINOIS STATE BOARD OF ELECTION, ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2021, the foregoing document, *Supplemental Brief in Further Support of Motion for Summary Judgment* was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kaylan Phillips            Kphillips@publicinterestlegal.org
Christine Svenson      christine@svensonlawoffices.com
Sue Becker                 sbecker@PublicInterestLegal.org

and I hereby certify that on the same date, I caused a copy of the foregoing document to be mailed by United States Postal Service, to the following non-registered participant: NONE

Respectfully submitted,

By: s/Thomas R. Ewick
Thomas R. Ewick #6279084
Assistant Attorney General
500 South Second Street
Springfield, IL 62701
(217) 782-9026 Phone
(217) 524-5091 Fax
E-mail: Thomas.Ewick@ilag.gov