IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, ILLINOIS

| | |
|---|---|
| PUBLIC INTEREST LEGAL FOUNDATION, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> STEVE SANDVOSS, in his official Capacity as ) <br> Executive Director of the Illinois State Board of ) <br> Elections, KYLE THOMAS, in his official capacity ) <br> as Director of Voting Systems and Registration, ) <br> CHERYL HOBSON in her Official capacity as Deputy ) <br> Director of Voting and Registration, and the ) <br> ILLINOIS STATE BOARD OF ELECTION, ) <br> ) <br> Defendants. ) | 20-cv-3190-SEM-TSH |

## MOTION TO RECONSIDER AND CLARIFY

NOW COME Defendants, BERNADETTE MATTHEWS, KYLE THOMAS, CHERYL HOBSON, and ILLINOIS STATE BOARD OF ELECTIONS ("the Board"), by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois, and in support of their Motion to Reconsider and Clarify, state the following:

### Introduction

On March 8, 2022, the Court entered an opinion and Order granting the Plaintiff's motion for summary judgment (Doc. 29), denying Defendants' motion for summary judgment (Doc. 29), and denying the motion to dismiss filed by Defendants the Board, Thomas and Hobson (Doc. 9). (Doc. 37). The Court found the undisputed material facts show that section 8(i) of the National Voter Registration Act (NVRA), 52 U.S.C. § 20507(i)(1), preempts the Illinois Election Code, 10 ILCS 5/1A-25. (Doc. 37, p. 2). The Court found, *inter alia*, that the Illinois statewide voter registration list is a "record" within the meaning of the NVRA and that section 1A-25 of the Illinois Election Code, which limits the public disclosure and photocopying of the state's voter registration

list, violates the Public Disclosure Provision of the NVRA, 25 U.S.C. 20507(i)(1). (Doc. 37, p. 16, 23) The Court held Defendants violated the NVRA by refusing to make the full statewide voter registration list available for viewing and photocopying to Plaintiff. (Doc. 37, p. 26). The Court further held section 1A-25 of the Illinois Election Code is preempted by 25 U.S.C. 20507(i)(1) because it prohibits the photocopying and duplication of the list. (Doc. 37, p. 26). The Court ordered Defendants to take actions by implementing policies and procedures which make the statewide voter registration list available to the public, allowing for redaction of personal information such as telephone numbers, social security numbers, street numbers of home addresses, birthdates, identifiable portions of email address, and other highly sensitive personal information. (Doc. 37, p. 26).

Defendants request the Court reconsider and reverse its opinion finding section 1A-25 of the Illinois Election Code is preempted by the Public Disclosure Provision of the NVRA. Alternatively, Defendants request the Court clarify its order granting Plaintiff an injunction by specifying in detail the policies and procedures Defendants must take to make the statewide voter registration list available to the public.

## **Legal Standard**

Under Federal Rule of Civil Procedure 60(b) a court may "relieve a party or its legal representative from a final judgment, order, or proceeding" for certain reasons, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Courts can also reconsider an earlier order if a party raises "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Motions for reconsideration serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence which could not have been adduced during pendency of

the summary judgment motion. *Rathwell Cotton Co. v. Rosenthal & Co.*, 827 F. 2d 246, 251 (7th Cir. 1987).

Injunctions and restraining orders are governed by Federal Rule of Civil Procedure 65. Rule 65(d) provides every order granting an injunction and every restraining order must "(A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail— and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d). *See e.g. International Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n*, 389, U.S. 64, 76 (1967) (finding the district court's decree, which could only be construed as an order granting an injunction did not comply with Rule 65 where it failed to "state in 'specific . . . terms' the acts that it required or prohibited."); *see also e.g., Chathas v. Local 134 IBEW*, 233 F. 3d 508, 512 (7th Cir. 2000) (finding the district court's order violated Rule 65 where it contained no reasons and no terms). A court has an independent duty to ensure its injunctions comply with these requirements. *Chicago Bd. Of Educ. v. Substance, Inc.*, 354 F. 3d 624, 632 (7th Cir. 2003). In issuing an injunction, a district court is required to issue a standalone document containing the injunction. *C.Y. Wholesale, Inc. v. Holcomb*, 965 F.3d 541, 545 (7th Cir. 2020). "The failure to enter an independent injunction requires one to infer the scope of the injunction from the opinion." *Id.*

## **Argument**

I. **Reconsideration is Warranted Based on the Plain and Unambiguous Language of the Statute**

The Court should reconsider and reverse its holding that the undisputed material facts demonstrate that 52 U.S.C. § 20507(i)(1) preempts 10 ILCS 5/1A-25 because the plain and unambiguous language of section 8(i) only requires states make available for public inspection and photocopying records concerning list maintenance activities, not the actual statewide voter

registration list. Courts must presume the legislature says in a statute what it means and means in a statute what it says. *Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253-254 (1992). "[I]t is a general principle of statutory construction that when 'Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 452 (2002) (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)). Applying these principles to the case at bar leads to only one conclusion: section 8(i) of the NVRA does not preempt section 1A-25 of the Illinois Election Code.

Section 8(i) of the NVRA provides, in pertinent part, that each state shall maintain and make available for public inspection and where available, photocopying of "all records *concerning the implementation of programs and activities* conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters . . . ." 52 U.S.C. § 20507(i)(1) (emphasis added). The plain and unambiguous language of section 8(i) only applies to list maintenance activities, not the voter registration list. Congress chose not to include voter registration lists in the terms of the Public Disclosure Provision of the NVRA, and limited disclosure to records concerning the implementation of programs and activities that are done for the purpose of ensuring the list's accuracy. Within other provisions of Section 8, Congress used phrases such as "voter registration roll," "official list of eligible voters," and "official list of voters." *See* 52 U.S.C. §§ 20507(a)(3) ("official list of eligible voters"); § 20507(a)(4) ("official list of eligible voters"); § 20507(b)(2) ("voter registration roll," "official list of voters," "official list of eligible voters"); § 20507(d)(1) ("official list of eligible voters"); § 20507(d)(3) ("official list of eligible voters"); § 20507(f) ("official list of eligible voters"). In fact, the phrase "official list' of voters" also appears in the

very *sentence* at issue here. 52 U.S.C. § 20507(i). If Congress wanted the "official lists of eligible voters" to constitute a "record" subject to disclosure it would have said so explicitly.

For these reasons, the Court should reconsider and reverse its opinion finding section 1A-25 of the Illinois Election Code is preempted by the Public Disclosure Provision of the NVRA.

**II.     Alternatively, Clarification of the Court's Injunction is Necessary to Comply with Rule 65.**

The Court should clarify its Opinion and Order to conform with the requirements of Rule 65(d), including stating the terms of the injunctive relief to specifically describe the acts required. In this case, the opinion and order does not comply with Rule 65(d). First, there is no standalone document or order containing the injunction. Rather, the injunctive relief is contained within the body and conclusion of the opinion and order.

Further, the opinion and order does not sufficiently specify its terms or describe in detail the specific acts required. The order requires Defendants to take actions by implementing policies and procedures which makes the statewide voter registration list available to the public, allowing for certain redactions. (Doc. 37, p. 26). It should specifically state that the injunctive relief requires the list be made available. Also, it does not clarify the means, such as electronic or otherwise, by which the list must be provided. It should clarify whether given the privacy terms, the lsit can be made available online for download or whether it must be printed. Specifying the terms of the injunctive relief is required to ensure there is no room for the parties to misconstrue its broad terms and aid in Defendants' compliance.

For these reasons, Defendants request the Court clarify its order granting Plaintiff an injunction by specifying in detail the policies and procedures Defendants must take to make the statewide voter registration list available to the public.

WHEREFORE, for all of the above and foregoing reasons, Defendants, Bernadette Matthews, Kyle Thomas, Cheryl Hobson, and Illinois State Board of Elections, respectfully request the Court grant their motion to reconsider its opinion and order or, in the alternative, clarify the terms of the injunction.

    Respectfully submitted,

    BERNADETTE MATTHEWS, KYLE THOMAS, CHERYL HOBSON, and ILLINOIS STATE BOARD OF ELECTIONS,

        Defendants,

| | |
|---|---|
| Thomas R. Ewick #6279084<br>Assistant Attorney General<br>500 South Second Street<br>Springfield, Illinois 62701<br>(217) 785-4555 Phone<br>(217) 524-5091 Fax<br>E-mail: Thomas.ewick@ilag.gov<br>      gls@ilag.gov | KWAME RAOUL, Attorney General,<br>State of Illinois,<br><br>    Attorney for Defendants<br><br>By:  s/Thomas R. Ewick<br>      Thomas R. Ewick #6279084<br>      Assistant Attorney General |

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, ILLINOIS**

| | | |
|---|---|---|
| PUBLIC INTEREST LEGAL FOUNDATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | 20-cv-3190-SEM-TSH |
| | ) | |
| STEVE SANDVOSS, in his official Capacity as Executive Director of the Illinois State Board of Elections, KYLE THOMAS, in his official capacity as Director of Voting Systems and Registration, CHERYL HOBSON in her Official capacity as Deputy Director of Voting and Registration, and the ILLINOIS STATE BOARD OF ELECTION, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 4, 2022, the foregoing document, *Motion to Reconsider and Clarify* was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Kaylan Phillips | Kphillips@publicinterestlegal.org |
| Christine Svenson | christine@svensonlawoffices.com |
| Sue Becker | sbecker@PublicInterestLegal.org |

and I hereby certify that on the same date, I caused a copy of the foregoing document to be mailed by United States Postal Service, to the following non-registered participant: NONE

                                              Respectfully submitted,

                                              By: s/Thomas R. Ewick
                                                   Thomas R. Ewick #6279084
                                                   Assistant Attorney General
                                                   500 South Second Street
                                                   Springfield, IL  62701
                                                   (217) 785-4555 Phone
                                                   (217) 524-5091 Fax
                                                   E-mail: Thomas.ewick@ilag.gov