### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### AT SPRINGFIELD, ILLINOIS

| | |
|---|---|
| **PUBLIC INTEREST LEGAL FOUNDATION, INC.** <br><br> *Plaintiff*, <br><br> v. <br><br> **STEVE SANDVOSS**, in his official capacity as Executive Director of the Illinois State Board of Elections, **KYLE THOMAS,** in his official capacity as Director of Voting Systems and Registration, **CHERYL HOBSON** in her official capacity as Deputy Director of Voting and Registration, and the **ILLINOIS STATE BOARD OF ELECTIONS**. <br><br> *Defendants*. | Case No. 20-CV-3190-SEM-TSH |

### Plaintiff Public Interest Legal Foundation's
### Response to Defendants' Motion to Reconsider and Clarify

Plaintiff Public Interest Legal Foundation (the "Foundation") herein responds to Defendants' Motion to Reconsider and Clarify. (Doc. 40.)

For almost two and a half years, the Foundation has sought to inspect Illinois's statewide voter registration list ("Voter File") pursuant to the National Voter Registration Act's ("NVRA") Public Disclosure Provision, 52 U.S.C. § 20507(i). On July 27, 2020, the Foundation filed this suit alleging that the Defendants were in violation of the NVRA for failing to allow inspection of the Voter File. Defendants continued to deny the Foundation access to the Voter File for nearly two years as the parties engaged in discovery and each side filed a motion for summary judgment. On March 8, 2022, the Court granted the Foundation's motion for summary judgment, finding the "[t]he Foundation has shown that, on the undisputed material facts, Defendants acted in violation of the Public Disclosure Provision of the NVRA when Defendants refused to make available for viewing and photocopying the full statewide voter registration list." (Doc. 37 at 26.) This Court

1

also ordered the Defendants, "pursuant to 52 U.S.C. § 20510(c), to pay the Foundation its attorneys' fees, costs, and expenses." (Doc. 37 at 26-27.)[1] Nearly a month later, on April 4, 2022, Defendants filed a motion asking the Court to reconsider its Opinion or, in the alternative, clarify the actions Defendant must take to comply with the judgment. Because Defendants have shown no reason for the Court's opinion to be reconsidered and/or clarified, Defendants' motion should be denied.

## I.    Reconsideration Is Not Warranted.

Defendants seek relief pursuant to Federal Rule of Civil Procedure 60. Such relief "is an extraordinary remedy, granted only in exceptional circumstances." *Jones v. Petit*, No. 10-3131, 2013 U.S. Dist. LEXIS 15920, at *6 (C.D. Ill. Feb. 6, 2013) (*citing McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000)). "Whether to grant or deny a motion to vacate under Rule 60(b) is within this Court's discretion." *Jones v. Petit*, No. 10-3131, 2013 U.S. Dist. LEXIS 15920, at *6 (C.D. Ill. Feb. 6, 2013) (*citing Easley v. Kirmsee*, 382 F.3d 693, 697 (2004).) *See also Thompson v. Bukowski*, No. 16-2390-CSB, 2018 U.S. Dist. LEXIS 232267, at *5 (C.D. Ill. Oct. 31, 2018) (*quoting Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986)) ("Rule 60(b)(6) requires extraordinary circumstances justifying relief from extreme and undue hardship"). Defendants do not specify upon *which* provision of Rule 60 they rely, instead pointing to Rule 60(b)(1)'s language regarding "mistake, inadvertence, surprise, or excusable neglect" and Rule 60(b)(6)'s language regarding "any other reason that justifies relief." (Doc. 40 at 2.) Under any provision, their request lacks merit.

According to the Seventh Circuit,

---

[1] The Foundation's motion for attorneys' fees, expenses, and costs is due on April 21, 2022. The Foundation respectfully requests the opportunity to supplement its fee motion to account for the fees expended on this Response.

The concern that parties or courts could use Rule 60(b) to circumvent the time limit for filing appeals animates our case law. *E.g.*, *Mendez v. Republic Bank*, 725 F.3d 651, 659 (7th Cir. 2013) ("If parties or courts could use Rule 60(b) to revive cases in which a party failed to appeal within the standard deadline, Appellate Rule 4 would lose much of its force."); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800 (7th Cir. 2000) (dismissing an appeal of a district court's denial of a Rule 60(b) motion where the motion "was nothing more than the first step in an attempt to take an untimely appeal"). Where this concern is not present, a district court may grant relief under Rule 60(b)(1) to correct errors that might also be corrected on direct appeal…

Absent such circumstances, a party invoking Rule 60(b) must claim grounds for relief "that could not have been used to obtain a reversal by means of a direct appeal." *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009)….Therefore, errors of law and fact generally do not warrant relief under Rule 60(b)(1) and certainly do not require such relief. *See Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002)….

*Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014) (additional citations omitted).

In support of their Motion, the Defendants rely on arguments they already presented to—and were rejected by—this Court. Specifically, Defendants claim that reconsideration is needed because the plain language of the NVRA does not extend to the Voter Roll. (*Compare* Doc. 40 at 4 (*citing Russello v. United States*, 464 U.S. 16, 23 (1983) *with* Defendants' Memorandum in Support of Their Motion for Summary Judgment, Doc. 30, at 10, *citing same*.) In other words, Defendants wish to re-litigate their previous legal argument.

As they did in their summary judgment motion, Defendants also assert that the Voter File is not encompassed by the Public Disclosure Provision because Congress refers to "official lists of eligible voters" elsewhere in the statute and yet did not "explicitly" include it in the Public Disclosure Provision. (*Compare* Doc. 40 at 4-5 *with* Doc. 30 at 10.) The Foundation countered these previously-raised arguments in its summary judgment briefing where it explained that the Voter File is within the scope of the plain language of the NVRA. (*See* Doc. 33 at 7-8.) Using undisputed material facts, the Foundation explained that the Voter File is a "record[] concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy

and currency of official lists of eligible voters." 52 U.S.C. § 20507(i)(1). (*See* Doc. 22 at 17-25 and Doc. 33 at 7-8.) Defendants have not—and cannot—point to any authority supporting their constrained interpretation of the NVRA. As this Court noted, its "finding is also supported by decisions from other federal courts outside the Seventh Circuit, both at the Circuit level and District level, holding that the Public Disclosure Provision includes records of an involving statewide voter registration lists." (Doc. 37 at 20.)

Defendants have not shown the presence of extraordinary circumstances that merit reconsideration of the Court's opinion and order. In fact, they simply recycle arguments already presented to and rejected by this Court. Because those arguments could be raised on direct appeal they are not appropriately raised in a motion to reconsider. *See Banks*, 750 F.3d at 667. Nor is Defendants' displeasure with the outcome grounds for a second bite at the apple. "A Rule 60 motion is not an opportunity to re-litigate where the [party] is simply unhappy with the result." *Thompson v. Bukowski*, No. 16-2390-CSB, 2018 U.S. Dist. LEXIS 232267, at *5 (C.D. Ill. Oct. 31, 2018). Defendants' Motion should be denied.

II.    **The Court's Order and Judgment Complies with Rule 65.**

In the alternative, Defendants seek "clarification" as to the relief granted to the Foundation. Defendants claim that the Court's "opinion and order does not comply with Rule 65(d)" because "there is no standalone document or order containing the injunction." (Doc. 40 at 5.) Defendants also claim the "opinion and order does not sufficiently specify its terms or describe in detail the specific acts required." (Doc. 40 at 5.) But the Court issued a judgment on March 10, 2022, that, consistent with the opinion, outlines the actions required of Defendants. (Doc. 38.) Because no clarification is needed, Defendants' request should be denied.

First, Defendants' claim that the Court did not comply with Rule 65(d) because there is no standalone document is puzzling in light of the Court's judgment issued on March 10, 2022. There is nothing in the text of Rule 65(d) itself that requires a separate "standalone document or order containing the injunction." Rule 65(d) states as follows:

> (d) Contents and Scope of Every Injunction and Restraining Order.
>   (1) Contents. Every order granting an injunction and every restraining order must:
>   (A) state the reasons why it issued;
>   (B) state its terms specifically; and
>   (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.

Fed. R. Civ. P. 65(d). To be sure, the Seventh Circuit has "interpret[ed] Rule 65(d)(1)(C) to require that an injunction must be embodied in a standalone separate document." *Auto Driveaway Franchise Sys., LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 676 (7th Cir. 2019). However, the Foundation is unaware of any reason why the Judgment would not so serve that requirement. Even if the Judgment does not satisfy any requirement, the Seventh Circuit has "not adopted a rigid rule rejecting jurisdiction in every case in which Rule 65 is violated." *Id*. at 677; *see also MillerCoors LLC v. Anheuser-Busch Cos., LLC*, 940 F.3d 922, 924-30 (7th Cir. 2019) (J. Hamilton, *dissenting*, explaining the history and concerns of the so-called "separate-document requirement.").

In the case referenced by the Defendants in their motion, (*see* Doc. 40 at 3), the district court granted a motion for a preliminary injunction and did not "enter a standalone document containing the injunction." *See C.Y. Wholesale, Inc. v. Holcomb*, 965 F.3d 541, 545 (7th Cir. 2020). The Seventh Circuit determined that the lack of a standalone document was not a jurisdictional flaw. *Id*. The Court chose to not remand the matter to the district court, even though it noted that,

on the facts of that case, the lack of a separate document in that instance had "an effect on the clarity of the injunction." *Id*.

Second, Defendants claim that the Court's "opinion and order does not sufficiently specify its terms or describe in detail the specific acts required." (Doc. 40 at 5.)  Specifically, Defendants claim that "[i]t should specifically state that the injunctive relief requires the list be made available." (Doc. 40 at 5.) But the Court's judgment does just that. "IT IS ORDERED AND ADJUDGED that Defendants SHALL implement policies and procedures which make available to the public, and photocopying at a reasonable cost, the statewide voter registration list." (Doc. 38. *See also* Doc. 37 at 26.) The Court's language tracks that of the NVRA, where Congress required that "Each State…shall make available for public inspection and, where available, photocopying at a reasonable cost, all records…." 52 U.S.C. § 20507(i)(1). That is precisely the provision of law that Defendants were found to have violated—and continue to violate—in this litigation.

Defendants ask the Court to "specify[] in detail the policies and procedure Defendants must take to make the statewide voter registration list available to the public." (Doc. 40 at 5.) Yet Defendants do not offer proposed language that would "clarify" any confusion. Indeed, as the Foundation stated in its Motion for Summary Judgment, Illinois already has systems in place for other entities to obtain a copy of the Voter File. (*See* Doc. 22 at 10.) Defendants cannot avoid this Court's judgment on the grounds that the Court has not provided step-by-step instructions for transmitting an electronic record to the Foundation. Furthermore, Rule 65 "does not require the impossible. There is a limit to what words can convey. The more specific the order, the more opportunities for evasion ('loopholes')." *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1431 (7th Cir. 1985).

**CONCLUSION**

For these reasons, Defendants' Motion should be denied.

Respectfully submitted,

/s/ *Kaylan Phillips*
Kaylan Phillips, Ind. Bar No. 30405-84
Public Interest Legal Foundation, Inc.
32 E. Washington St., Ste. 1675
Indianapolis, IN 46204
Tel: (317) 203-5599
kphillips@publicinterestlegal.org

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2022, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record.

Respectfully submitted,


/s/ *Kaylan Phillips*
Kaylan Phillips, Ind. Bar No. 30405-84
Public Interest Legal Foundation, Inc.
32 E. Washington St., Ste. 1675
Indianapolis, IN 46204
Tel: (317) 203-5599
kphillips@publicinterestlegal.org