E-FILED
Wednesday, 20 April, 2022  11:37:34 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| PUBLIC INTEREST LEGAL FOUNDATION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-3190 |
| ) | |
| BERNADETTE MATTHEWS, in her official capacity as Executive Director of the Illinois State Board of Elections, KYLE THOMAS, in his official capacity as Director of Voting Systems and Registration, CHERYL HOBSON, in her official capacity as Deputy Director of Voting and Registration, and the ILLINOIS STATE BOARD OF ELECTIONS, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is a Motion for Reconsideration and Clarification (d/e 40) filed by Defendants Bernadette Matthews, Kyle Thomas, Cheryl Hobson, and the Illinois State Board of Elections (the "Board") (collectively, "Defendants"). Defendants do not raise any new issue, argument, or facts not considered by the Court in

the Opinion and Order on Summary Judgment entered on March 8,
2022 (d/e 37).  However, the Court will allow a minor clarification
as to the production of the statewide voter registration list as
detailed in the Order.  Accordingly, Defendants' Motion (d/e 40) is
GRANTED IN PART and DENIED IN PART.

## I.    ANALYSIS

On March 8, 2022, the Court granted Plaintiff the Public
Interest Legal Foundation's (the "Foundation") Motion for Summary
Judgment and denied Defendants' Motion for Summary Judgment[1].
See (d/e 37).  The Court held that the statewide voter registration
list maintained by the Board is a "record" within the meaning of
Section 8(i)(1) of the National Voter Registration Act of 1993
("NVRA").  52 U.S.C. § 20507(i)(1).  That section, referred to as the
Public Disclosure Provision, states

> Each State shall maintain for at least 2 years
> and shall make available for public inspection
> and, where available, photocopying at a
> reasonable cost, all records concerning the
> implementation of programs and activities
> conducted for the purpose of ensuring the
> accuracy and currency of official lists of
> eligible voters.

---

[1] The Court assumes the reader's familiarity with the facts of this case as stated in the Court's
Opinion and Order on Summary Judgment (d/e 37) and so does not repeat the facts here.

Id.  The Court further held that the Illinois state law which
prohibited the disclosure of the statewide voter registration list, 10
ILCS 5/1A-25, conflicts with and is preempted by the Public
Disclosure Provision.  See Op. & Order (d/e 37) p. 25–27.
Accordingly, the Court ordered the Defendants to

> implement policies and procedures which
> make available to the public the statewide
> voter registration list, allowing for redaction of
> telephone numbers, Social Security Numbers,
> street numbers of home addresses, birthdates,
> identifiable portions of email addresses, and
> other highly sensitive personal information.

Id.

On April 4, 2022, Defendants filed their Motion for
Reconsideration and Clarification in which they request that the
Court reverse the Opinion and Order.  In the alternative,
Defendants request the Court "clarify its order granting Plaintiff an
injunction by specifying in detail the policies and procedures
Defendants must take to make the statewide voter registration list
available to the public."  Defs.' Mot. (d/e 40) p. 2.

A party may move a Court to reconsider a previous ruling and
judgment for reasons including mistake, newly discovered evidence,
fraud, or "any other reason that justifies relief."  Fed. R. Civ. P.

60(b).  "Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (quoting Keene Corp. v. Int'l Fidelity Ins. Co., 561 F.Supp. 656, 665–66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984)).  Relief under Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." McCormick v. City of Chicago, 230 F.3d 319, 327 (7th Cir. 2000) (quoting Dickerson v. Bd. of Educ. Of For Heights, Ill., 32 F.3d 1114, 1116 (7th Cir. 1994)).

In this case, reconsideration under Rule 60(b) is not warranted.  Defendants request the Court reverse its Opinion and Order but do not present any new evidence, fraud, or excusable neglect.  Instead, Defendant's present the same arguments already made in their Motion for Summary Judgment.  Specifically, Defendants argue that the Public Disclosure Provision does not include the statewide voter registration list because the Public Disclosure Provision references "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of

eligible voters." Defs.' Mot. for Recons. (d/e 40) pp. 3–5; Defs.'
Mem. for Summ. J. (d/e 30) pp. 8–11. The Court disagreed, holding
that the statewide voter registration list was necessarily included in
the term "all records" in the Public Disclosure Provision. Op. &
Order (d/e 37) pp. 17–21. Defendants do not now raise any new
arguments other than those previously addressed by the Court.
The Court, therefore, finds that Defendants have not presented a
"manifest error of law" warranting "an extraordinary remedy" under
Rule 60(b).

Defendants also request that the Court clarify the terms of the
injunctive relief granted in the Opinion and Order. The terms of an
injunction are governed by Rule 65(d) of the Federal Rules of Civil
Procedure. Rule 65(d) states that an injunction must "state the
reasons why [the injunction] was issued; state [the injunction's]
terms specifically; and describe in reasonable detail . . . the act or
acts restrained or required." Fed. R. Civ. P. 65(d).

In the Court's Opinion and Order, the Court stated,

> Section 5/1A-25 conflicts with, and is
> preempted by, the Public Disclosure provision
> insofar as Section 5/1A-25 prohibits the
> photocopying and duplication of the same list.

Op. & Order (d/e 38) p. 26.  In the Judgment entered alongside the

Opinion and Order, the Court ordered Defendants to

> implement policies and procedures which
> make available to the public, and photocopying
> at a reasonable cost, the statewide voter
> registration list, allowing for redaction of
> telephone numbers, Social Security Numbers,
> street numbers of home addresses, birthdates,
> identifiable portions of email addresses, and
> other highly sensitive personal information.

J. (d/e 38).

Defendants request the Court specify "in detail the policies

and procedures Defendants must take to make the statewide voter

registration list available to the public."  Defs.' Mot (d/e 40) p. 5.

Defendants further request that the Court advise Defendants

whether the list must be made available electronically or otherwise

or whether the list must be made available for download or be

printed.  Id.

But "[t]here is a limit to what words can convey.  The more

specific the order, the more opportunities for evasion ('loopholes')."

Scandia Down Corp. v. Euroquilt, Inc., 772 F.2d 1423, 1431 (7th

Cir. 1985).  As the Foundation points out, and as Defendants

admitted in their Response to Plaintiff's Motion for Summary

Judgment, Defendants have already established procedures and policies for providing Illinois state entities and political committees the statewide voter registration list.  <u>See</u> Defs.' Resp. (d/e 32) p. 2 (admitting to Plaintiff's statement that "Illinois permits only certain entities to obtain" the statewide voter registration list).  To now specify how exactly Defendants are to comply with the Court's order would be to inappropriately announce a list of pre-approved measures which, in turn, would imply the unlawfulness of all others, which the Court will not do.  <u>Scandia Down</u>, 772 F.2d at 1431 (Upholding an injunction while noting that "[t]here are millions of possible [lawful alternatives to the prohibited conduct] to which [defendant] could have turned.  Any effort to identify and prohibit one million of them would have left another million or more subject to dispute.")  Instead, the Court will reiterate below the order from the Judgment (d/e 38), with the only clarification that Defendants are ordered to treat requests from the public for viewing and photocopying, at a reasonable cost, the statewide voter registration list the same as Defendants treat those requests by governmental or political entities.

## II.   CONCLUSION

Defendants have not shown that they are entitled to the extraordinary relief available under Rule 60(b).  However, the Court will allow a minor clarification to the previously entered Order. Therefore, Defendants' Motion for Reconsideration and Clarification (d/e 40) is GRANTED IN PART and DENIED IN PART.  Lastly, because Plaintiff was required to prepare a response to Defendants' Motion, the Court allows Plaintiff's request for additional time to supplement its motion for attorneys' fees, costs, and expenses.  <u>See</u> Pl.'s Resp. (d/e 41) n. 1.  Plaintiff shall file its supplemented motion by April 28, 2022.  All other unmodified orders are to remain the same.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:**

**1) Illinois Code Title 10 Section 5/1A-25 conflicts with, and is preempted by, the Section 8(i)(1) of the Notional Voter Registration Act of 1993, 52 U.S.C. § 20507(i)(1), insofar as Section 5/1A-25 prohibits the availability, photocopying, and duplication of the same list; and**

2) Defendants are hereby ORDERED to implement policies and procedures which make available to the public, and photocopying at a reasonable cost, the statewide voter registration list in as identical a manner as practicable as those procedures used to effect the same for Illinois governmental and political entities, allowing for redaction of telephone numbers, Social Security Numbers, street numbers of home addresses, birthdates, identifiable portions of email addresses, and other highly sensitive personal information.

IT IS SO ORDERED.
ENTERED: April 20, 2022.
FOR THE COURT

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE