IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT SPRINGFIELD, ILLINOIS

| | |
|---|---|
| **PUBLIC INTEREST LEGAL FOUNDATION, INC.** <br><br> *Plaintiff*, <br><br> v. <br><br> **BERNADETTE MATTHEWS**, in her official capacity as Executive Director of the Illinois State Board of Elections, **KYLE THOMAS,** in his official capacity as Director of Voting Systems and Registration, **CHERYL HOBSON** in her official capacity as Deputy Director of Voting and Registration, and the **ILLINOIS STATE BOARD OF ELECTIONS**. <br><br> *Defendants*. | Case No. 20-CV-3190-SEM-TSH |

**Plaintiff Public Interest Legal Foundation's
Motion for Attorney's Fees, Costs, and Expenses and Memorandum of Law**

Pursuant to Local Rule 54.1 and the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20510(c), the Public Interest Legal Foundation ("Foundation") herein moves the Court for an order awarding its fees, costs, and expenses incurred during this litigation.

On March 8, 2022, the Court granted the Foundation's motion for summary judgment, finding the "[t]he Foundation has shown that, on the undisputed material facts, Defendants acted in violation of the Public Disclosure Provision of the NVRA when Defendants refused to make available for viewing and photocopying the full statewide voter registration list." (Doc. 37 at 26.) This Court also ordered the Defendants, "pursuant to 52 U.S.C. § 20510(c), to pay the Foundation its attorneys' fees, costs, and expenses." (Doc. 37 at 26-27.) For the reasons described below and

1

in the accompany documentation, the Foundation, as the prevailing party, seeks an order awarding it $106,942.75 in attorney's fees, costs, and expenses.[1]

## ARGUMENT

I. **The Foundation Is Entitled to an Award of Reasonable Attorney's Fees, Costs, and Expenses.**

In *Hensley v. Eckerhart*, the Supreme Court explained that a party is considered a prevailing party "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." 461 U.S. 424, 433 (1983) (internal citations omitted). In the Court's March 8, 2022, Opinion and Order, the Court granted the Foundation's Motion for Summary Judgment and denied the Defendant's motion to dismiss and Defendant's motion for summary judgment. (Doc. 37 at 26.) This Court also ordered the Defendants, "pursuant to 52 U.S.C. § 20510(c), to pay the Foundation its attorneys' fees, costs, and expenses." (Doc. 37 at 26-27.) As the Foundation succeeded on all issues in this litigation, it is the prevailing party, and entitled to recover all reasonable fees, costs, and expenses.

The NVRA provides, "In a civil action under this section, the court may allow the prevailing party (other than the United States) reasonable attorney fees, including litigation expenses, and costs." 52 U.S.C. § 20510(c). Courts that have construed the NVRA's fee-shifting provision have concluded that the NVRA is subject to the same standards that apply in other civil rights cases. *See Project Vote/Voting for Am. v. Long*, 887 F. Supp. 2d 704, 708-09 (E.D. Va. 2012) ("Courts apply the same standards applicable to other federal civil rights fee shifting statutes when considering an award under [52 U.S.C. § 20510(c)]."); *Nat'l Coal. for Students with Disabilities*

---

[1] The Foundation intends to supplement this amount with additional fees, costs, and expenses incurred in preparing this Motion along with its the fees incurred as a result of the Defendants' Motion to Reconsider or Clarify. *See* Order dated April 20, 2022 (Doc. 42.)

*v. Bush*, 173 F. Supp. 2d 1272, 1276 (N.D. Fla. 2001) ("In cases arising under the National Voter Registration Act, *see* 42 U.S.C. § 1973gg-9(c), as in cases arising under 42 U.S.C. § 1983 and certain other civil rights statutes, *see* 42 U.S.C. § 1988, the court 'may' award the 'prevailing party' a reasonable attorney's fee."); *Project Vote v. Blackwell*, No. 1:06-CV-1628, 2009 U.S. Dist. LEXIS 34571, at *15 n.7 (N.D. Ohio Mar. 31, 2009) ("Because these fee shifting statutes contain nearly identical language and serve the same Congressional purposes, courts generally construe the sections similarly, and the same standards apply to fees recovered under all three sections."); *True the Vote v. Hosemann*, No. 3:14-CV-532-NFA, 2014 U.S. Dist. LEXIS 201659, at *8 (S.D. Miss. Oct. 17, 2014) ("If these are not 'civil rights' *per se*, they are so closely akin to such rights that the same fee shifting standards should apply.").

In civil rights cases, "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley*, 461 U.S. at 429, *superseded on other grounds* (citations and quotations omitted); *see also Nat'l Coal. for Students with Disabilities*, 173 F. Supp. 2d at 1276 ("Although these attorney's fee provisions speak in discretionary terms, a prevailing plaintiff ordinarily is entitled to an award of fees, unless special circumstances would render such an award unjust.").

II.   **The Request Fee Award is Reasonable.**

    **A. The Lodestar Method is Used to Calculate an Appropriate Fee Award.**

The first step to calculating the appropriate fee award is to establish the lodestar, that is, "the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended." *Kaylor-Trent v. John C. Bonewicz, P.C.*, 916 F. Supp. 2d 878, 881 (C.D. Ill. 2013). In *Blum v. Stenson*, the Supreme Court stated that the figure which results from the lodestar calculation is more than a rough guess or approximation of the final award to be made: "[W]hen the applicant

for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting product is *presumed* to be the reasonable fee….” *Blum*, 465 U.S. 886, 897 (1984) (emphasis added); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("We have established a 'strong presumption' that the lodestar represents the 'reasonable fee.'".)

**B. The Number of Hours Expended is Reasonable.**

To establish the number of hours reasonably expended, "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433. The movant "is not required to record in great detail how each minute of his time was expended." *Id.* at 437 n.12.

The Foundation fulfills these obligations with the accompanying documents submitted in support of this Motion, specifically, the documents accompanying the Declaration of Kaylan L. Phillips ("Phillips Declaration") and the Declaration of Christine Svenson. Both declarations attest to the accuracy of the time expended in this matter. The accompanying billing statements show, in detail, the tasks performed, and the time devoted to each task, based on contemporaneous time records.

The party seeking attorney's fees should also exercise "billing judgment," *Hensley*, 461 U.S. at 437. In an exercise of billing judgment, the Foundation has excluded the hours its attorneys spent attempting to settle this matter in 2021 and attempting to settle the matter of fees following this Court's Judgment. It also reduced time spent preparing its summary judgment reply, along with other matters.[2] In total the Foundation has excluded 30.30 hours from its request, which results in a reduction of $11,007.50 from total amount of fees incurred. Phillips Declaration ¶ 17.

---

[2] The Foundation's billing entries are organized into columns. Column four, labeled "Gross Hours," reflects the total time billed for each task. Where a billing judgment was made, the next

4

### C. The Hourly Rates are Reasonable.

The Foundation is a non-profit law firm, and it was primarily represented by its own attorneys in this action. "Congress did not intend the calculation of fee awards to vary depending on whether plaintiff was represented by private counsel or by a nonprofit legal services organization," like the Foundation. *Blum*, 465 U.S. at 894; *see also Johnson v. Lafayette Fire Fighters Ass'n Local 472*, 51 F.3d 726, 732 (7th Cir. 1995) ("Plaintiffs are entitled to recover attorney's fees as measured by the prevailing market rate, whether or not their representation was an act of charity from a non-profit legal assistance foundation.").

The Supreme Court explains, "It is in the interest of the public that such law firms be awarded reasonable attorneys' fees to be computed in the traditional manner when its counsel perform legal services otherwise entitling them to the award of attorneys' fees." *Blum*, 465 U.S. at 895. Therefore, the reasonable hourly rate is based on the "prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel." *Id*.

A reasonable hourly rate should be in accord with rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n.11. "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line" with the rates charged by those lawyers. *Id*.

The Foundation has complied with these standards by requested rates ranging from $350 per hour to $525 per hour, depending on the experience and specialization of the particular attorney. Phillips Declaration ¶¶ 3-9; *see also U.S.A. ex rel. Liotine v. CDW-Gov't, Inc.,* No. 3:05-

---

column, labeled "Adjusted Hours," will reflect any reduction and provide the time for which recovery is sought. Phillips Declaration ¶¶ 13-15.

cv-00033-DRH-PMF, 2013 U.S. Dist. LEXIS 138509, at *21 (S.D. Ill. May 17, 2013) ("For the forgoing reasons, a presumption has been established that lodestar rates of $525/hour for Dale Aschemann and Tim Keller (senior partners) and $350/hour for Tyler Robinson (associate) are reasonable in this case. The burden now shifts to CDW-G to come forward with an adequate reason why a lower rate is essential."). According to Carl Draper, an attorney who practices in the Central District of Illinois, the "reasonable hourly fee for an attorney possessing the experience and skills is $350 per hour or more," Affidavit of Carl Draper at 2. *See Radson v. Bradley Univ.*, No. 18-1374, 2021 U.S. Dist. LEXIS 248987, at *3-4 (C.D. Ill. Mar. 29, 2021) ("Carl R. Draper has been practicing in the Central District of Illinois since 1981, and his affidavit stated that a reasonable fee in the Central District of Illinois for an attorney with Mr. Baker's experience was $350.00 an hour or more."); *see also Jeffboat, LLC v. Dir., Off. of Workers' Comp. Programs*, 553 F.3d 487, 490 (7th Cir. 2009) (noting that the relevant "community" may not be contained to one specific location when "the subject matter of the litigation is one where the attorneys practicing it are highly specialized and the market for legal services in that area is a national market.").

Here, after billing judgments and other reductions, the Foundation reasonably requests compensation in the amount of $94,360.00 for its fees[3] and $10,367.50 for Ms. Svenson's fees.

### D. The Foundation Is Entitled to Recover Costs and Expenses in Addition to Attorney's Fees.

The NVRA provides that prevailing parties are entitled to recovery of "litigation expenses and costs." 52 U.S.C. § 20510(c). The Foundation has submitted an itemized report of the expenses necessarily incurred in this litigation. Exhibit 2 to Phillips Declaration. The Foundation reasonably

---

[3] This amount reflects time billed through April 19, 2022.

6

requests reimbursement in the amount of $1,815.25 for the costs it incurred directly and $400 for those incurred by Ms. Svenson.

### E. The Foundation Is Entitled to Recover Attorney's Fees Associated with the Preparation of this Motion.

The Foundation is also entitled to recover for the time it spent on the preparation of this Motion. *See Kurowski v. Krajewski*, 848 F.2d 767, 777 (7th Cir. 1988). Accordingly, in addition to the time spent on the case-in-chief, the Foundation's counsel is seeking to recover for 15.7 hours preparing the fee petition and supporting documentation. *See* Exhibit 1 to Phillips' Declaration at 7-8. The Foundation intends to supplement this amount with additional fees incurred in preparing this Motion along with the fees incurred as a result of the Defendants' Motion to Reconsider or Clarify. See Order dated April 20, 2022 (Doc. 42.)

## CONCLUSION

For the foregoing reasons, the Court should award the reasonable attorney's fees, costs, and expenses of $106,942.75.

Dated: April 21, 2022.                    Respectfully submitted,

For Plaintiff Public Interest Legal Foundation:

   */s/ Kaylan L. Phillips*
Kaylan L. Phillips
Public Interest Legal Foundation
32 E. Washington Street, Ste. 1675
Indianapolis, IN 46204
(317) 203-5599
kphillips@publicinterestlegal.org

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 21, 2022, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record.

    Respectfully submitted,

/s/ *Kaylan Phillips*
Kaylan Phillips, Ind. Bar No. 30405-84
Public Interest Legal Foundation, Inc.
32 E. Washington St., Ste. 1675
Indianapolis, IN 46204
Tel: (317) 203-5599
kphillips@publicinterestlegal.org