# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| PUBLIC INTEREST LEGAL FOUNDATION, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BERNADETTE MATTHEWS, in her official capacity as Executive Director of the Illinois State Board of Elections, KYLE THOMAS, in his official capacity as Director of Voting Systems and Registration, CHERYL HOBSON, in her official capacity as Deputy Director of Voting and Registration, and the ILLINOIS STATE BOARD OF ELECTIONS, ) <br> ) <br> Defendants. ) | Case No. 20-cv-3190 |

## ORDER

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses (d/e 43) and Supplemental Motion for the same (d/e 44). Plaintiff's submitted hours and hourly rates are each reasonable. However, certain costs submitted are not recoverable.

Accordingly, Plaintiff's Motions (d/e 43 & 44) are GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

Plaintiff filed this suit on July 27, 2020. In the Complaint, Plaintiff sought injunctive relief and a declaration that Defendants violated Section 8(i) of the National Voter Registration Act, 52 U.S.C. § 20507(i)(1), when Defendants refused to allow Plaintiff to inspect an/or copy Illinois's statewide voter registration list. Defendants Thomas, Hobson, and the State Board of Elections filed a Motion to Dismiss on October 5, 2020, while Defendant Sandvoss (now Matthews) filed an Answer on the same date.

After discovery, Plaintiff filed a Motion for Summary Judgment on July 15, 2021. Defendants filed a Cross-Motion for Summary Judgment on September 20, 2021. All the filed motions were responded to.

On March 8, 2022, the Court denied Defendants' Motion to Dismiss and Defendants' Cross-Motion for Summary Judgment while granting Plaintiff's Motion for Summary Judgment. The Court ordered Defendants to produce the statewide voter registration list and "pursuant to 52 U.S.C. § 20510(c), to pay the Foundation its

attorneys' fees, costs, and expenses." Op. (d/e 37) pp. 26–27. Plaintiff subsequently filed the present Motion for Attorneys' Fees, Costs, and Expenses (d/e 43) and Supplemental Motion for the same (d/e 44). Defendants object in part to the Motions.

## II.  ANALYSIS

Under 52 U.S.C. § 20510(c), the Court "may allow the prevailing party" in a civil action brought under the National Voter Registration Act "reasonable attorney fees, including litigation expenses and costs." The amount of a fee award is discretionary. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Id. at 433 (interpreting fee-shifting provision of 42 U.S.C. § 1988); see also Nat'l Coal. for Students with Disabilities v. Bush, 173 F.Supp.2d 1272, 1276 (N.D. Fla. 2001) (interpreting the NVRA as applying the same fee-shifting formula as 42 U.S.C. § 1988 and other civil rights statutes).

The prevailing party then bears the burden of showing that the requested fees are "reasonable." Hensley, 461 U.S. at 437. "The

most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. at 433. The result is the lodestar amount of fees to be awarded. However, the award may be reduced if the Court determines that the documentation of hours is inadequate or that the hours documented include "excessive, redundant, or otherwise unnecessary" time. Id. at 433–34; Harper v. City of Chicago Heights, 223 F.3d 593, 605 (7th Cir. 2000). While a district court may strike problematic entries when a fee petition is vague or inadequately documented, an item-by-item accounting is an impractical route for courts to take. Harper, 223 F.3d at 605.

The hourly rate must also be reasonable. The party seeking fees bears the burden of proving the reasonableness of the hourly rate charged. Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 550 (7th Cir. 1999). The reasonableness of an hourly rate is determined with reference to the market rate for the services rendered. Id. at 555. If the party seeking fees meets his burden, the burden shifts to the opposing party to demonstrate why a lower rate should be awarded. Id. (citing People Who Care v. Rockford

Bd. of Educ., Sch. Dist. No. 205, 90 F.3d 1307, 1313 (7th Cir. 1996)).  If the party seeking fees does not meet his burden, then the Court "has the authority to make its own determination of a reasonable rate." Pickett v. Sheridan Health Care Center, 664 F.3d 632, 640 (7th Cir. 2011) (citing Uphoff v. Elegant Bath, Ltd., 176 F.3d 399, 409 (7th Cir. 1999)).

The market rate is "the rate that lawyers of similar ability and experience in their community normally charge their paying clients for the type of work in question." Id. at 604 (quoting Spegon, 175 F.3d at 555).  "Community," as the word is used for market rate purposes, means more than just the local market area; it also refers to "a community of practitioners." Jeffboat, LLC v. Dir., Off. of Workers' Comp. Programs, 553 F.3d 487, 490 (7th Cir. 2009).  This is especially true when, as here, "the subject matter of the litigation is one where the attorneys practicing it are highly specialized and the market for legal services in that area is a national market." Id. The requesting party must submit evidence that the requested rate is reasonable, id., and that party bears the burden of proving the rate is reasonable. Johnson v. GDF, Inc., 668 F.3d 927, 933 (7th Cir. 2012).

Plaintiff submits four affidavits, three of which are accompanied by exhibits, in support of its request for $114,565.25. The attached exhibits show hourly rates and hours expended on numerous tasks performed by different attorneys over the lifetime of this case. Defendants argue that Plaintiff's requested fees are unreasonable because the affidavits and exhibits include excessive hours and excessive hourly fees. More specifically, Defendants argue that certain specific line items of Plaintiff's request contain excessive time for the stated work performed and that two of Plaintiff's attorneys, Adams and Riordan, request hourly rates in excess of what is reasonable within the community.

The Court finds that the hours submitted by Plaintiff are reasonable. While Defendants object to certain line items of Plaintiff's submitted documentation, conducting a line-by-line accounting of largely uncontroversial documentation is impractical for federal courts and is discouraged. See Fox v. Vice, 563 U.S. 826, 838 (2011); see also Harper, 223 F.3d at 605. Additionally, Plaintiff has already, through the exercise of "billing judgment," reduced its requested hours by 33.9 hours, which is slightly more than the 29.3 hours Defendants seek to exclude. Hensley, 461 U.S.

at 437.  Accordingly, the Court sees no need to reduce Plaintiff's stated hours any further and finds such time spent reasonable.

Plaintiff's submitted fees are also reasonable.  All but two attorneys for which Plaintiff requests fees assert an hourly rate of $350.  Local attorney Carl Draper testified that $350 per hour is a standard rate for attorneys in a case such as this.  Draper Aff. (d/e 43) Attach. 3, p. 2 ("the reasonable hourly fee for an attorney possessing the experience and skill [necessary] is $350 per hour or more").  While Defendants' chief complaint concerns the rate submitted by the two other attorneys, Adams and Riordan, who each submitted an hourly rate of $525, Mr. Draper stated that $350 per hour was a floor.  Id.  Mr. Draper went on to state that "[t]here are a limited number of attorneys in this judicial district with the experience needed for this litigation."  Draper Aff. at p. 2.  Both Adams and Riordan bring extensive election law experience, each including experience in the Voting Section of the Department of Justice's Civil Rights Division.  Lastly, the Court has awarded attorneys' fees in other public interest cases at as much at $640 per hour.  See Moore v. Madigan, No. 11-cv-3134, docket entry 109 (C.D. Ill. July 21, 2015).  Accordingly, the Court finds that Plaintiff

has carried its burden to show that the requested rate is reasonable. Additionally, because Defendants have not put forth any evidence to refute Plaintiff's evidence, the Court finds that Defendants have not carried their burden to show that a lower rate should be awarded.

However, Plaintiff's submitted costs are reduced. Recoverable costs include fees of the clerk, fees for transcripts, fees for printing and witnesses, fees for copies of papers necessary for the case, docketing fees, and compensation for experts. 28 U.S.C. § 1920. Excluded from that list are attorney court admission fees. Nilssen v. Osram Sylvania, Inc., Case No. 01 C 3585, 2007 WL 257711, at *1 (N.D. Ill. Jan. 23, 2007) (collecting cases). Plaintiff's submitted costs are, therefore, reduced by $469, which is the total of the submitted court admission fees for attorneys Becker and Phillips.

### III.   CONCLUSION

Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses (d/e 43) and Supplemental Motion for the same (d/e 44) are each GRANTED IN PART and DENIED IN PART. The Court finds that Plaintiff's submitted hours and hourly fees are reasonable. Accordingly, the Court finds the fee award to reflect the following

lodestar calculation: 285.1 adjusted hours for attorneys Becker, Phillips, Johnson, Davis, and Svenson multiplied by a rate of $350 per hour in addition to 9.8 hours for attorney Svenson at a rate of $375 per hour and 17.6 hours for attorneys Adams and Riordan at a rate of $525 per hour results in a total of $112,700.00 in attorneys' fees.  Plaintiff's submitted recoverable costs total $1,746.25.  Added together, the Court awards Plaintiff $114,446.25 total in costs and fees.

**IT IS SO ORDERED.**
**ENTERED: June 8, 2022.**
**FOR THE COURT**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**